## WHITE *v.* WADHAMS.

1. APPEAL AND ERROR—MODIFICATION OF DECREE OF SUPREME COURT BY COURT BELOW.

   A supplemental bill filed by plaintiff in the court below, after the case was remitted to be there enforced under 3 Comp. Laws 1915, § 13761, by which it is sought to increase the amount found by this court to be due plaintiff by adding by way of penalty the amount of costs which plaintiff has since said decree was entered been required to pay, *held*, to be an attempt to change the decree.

2. SAME—JUDGMENT—DECREE OF SUPREME COURT—MODIFICATION BY COURT BELOW.

   In a chancery appeal the Supreme Court hears the case *de novo*, and the decree entered is a finality; therefore the trial court may not, where the case is remitted to be there enforced, without first obtaining leave of this court, reopen the case and change or modify the decree of this court.

3. SAME—LACHES—PLEADING.

   Where plaintiff is seeking by this supplemental bill to recover costs incurred in this court on the former appeal, he cannot be said to be precluded by laches although some of the facts alleged came to his knowledge on the hearing in the court below.

4. SAME—PLEADING—CONTEMPT—REMEDY—STATUTES.

   *Held*, that this supplemental bill seeks something more than statutory contempt proceedings, which might have been instituted under 3 Comp. Laws 1915, § 12270.

5. SAME—NUNC PRO TUNC ORDER—CONDITIONAL ORDER—PAYMENT OF COSTS.

   On condition that plaintiff pay the taxed costs of this appeal within 30 days, an order will be entered in this court granting *nunc pro tunc* leave to file this bill, when order appealed from will be affirmed.

Appeal from Kent; Brown, J. Submitted June 6, 1919. (Docket No. 70.) Decided July 17, 1919.

Bill by Marl S. White against Frederick N. Wadhams and others for an accounting. From an order denying a motion to dismiss, defendants appeal. Affirmed conditionally.

*Swarthout & Master*, for plaintiff.

*Colgrove & Potter* and *Arthur Brown* (*E. R. Sunderland*, of counsel), for defendants.

FELLOWS, J. The plaintiff, Marl S. White, filed his bill in the Kent circuit court for a partnership accounting against defendant Frederick N. Wadhams. The Hastings City Bank was also made defendant upon the theory that the partnership funds were deposited with it. Injunction was granted to prevent the disposition of the partnership funds by Wadhams, or payment of them by the bank. Upon the hearing of the case it developed that defendant Wadhams had taken a certificate of deposit for such funds and had transferred the same to his sister, Ida E. Wadhams, who had cashed it at the State Savings Bank of Ann Arbor, which bank intervened in the suit, claiming to be a *bona fide* holder of the certificate of deposit. After such intervention the trial judge filed his findings. He found that there was due to the plaintiff from defendant Wadhams the sum of $492.24 and interest, and allowed an attorney fee of $75 payable out of the partnership funds. He also found that the State Savings Bank of Ann Arbor was not a *bona fide* holder of the certificate of deposit. A decree was entered dissolving the partnership between plaintiff and defendant Wadhams, provided for the payment of the amount found to be due from Wadhams out of the partnership funds originally deposited in the Hastings City Bank and required that bank to turn over the balance to the clerk of the court. From this decree the State Savings Bank of Ann Arbor appealed. This

court did not agree with the trial judge as to the *bona fides* of the bank (*White* v. *Wadhams,* 204 Mich. 381), and on December 27, 1918, a decree was here entered affirming the decree of the court below as to the accounting between plaintiff and defendant Wadhams and reversing the decree as to the State Savings Bank of Ann' Arbor. The case was remanded and the files returned to the court below. Thereafter plaintiff petitioned the circuit court for permission to file a supplemental bill without having first obtained leave of this court so to do. The prayer of such petition was granted and the supplemental bill was filed. To review an order overruling a motion to dismiss such supplemental bill, this appeal was allowed.

The facts relative to the transfer of the certificate of deposit will be found in the opinion of the court when the case was here before. The supplemental bill sets up such facts and charged a conspiracy on the part of defendant Wadhams, his sister Ida E. Wadhams, his sister Clara E. Straith and her husband, Fred W. Straith, who are made defendants in the supplemental bill, to defraud plaintiff out of the amount due him on such partnership accounting. It sets up the proceedings in the trial court and in this court and the amount plaintiff has been required to pay by way of costs and prays for a decree against all these parties for the amount found due him by the court, together with the costs he has been required to pay, the latter by way of penalty under the provisions of section 12288, 3 Comp. Laws 1915.

We agree with the contention of defendants' counsel that the purpose of this supplemental bill is to change the decree of this court as entered when the case was here before. By the decree of this court the "findings and decree relative to the accounting between the said plaintiff Marl S. White and the said defendant Frederick N. Wadhams be and the same is

in all things affirmed." By such findings an amount was found to be due from Wadhams to this plaintiff. By this proceeding it is sought to increase that amount by adding by way of penalty the amount of costs which plaintiff has since said decree was entered been required to pay, thereby changing and increasing the amount as decreed by this court. May the trial court to which a chancery case has been remanded by this court after final decree here, without leave of this court having been obtained, reopen a case and change and modify, enlarge or detract from the decree of this court? We think not. This court hears chancery cases *de novo,* and the decree of this court is a finality. The recent case of *Thompson* v. *Hurson,* 206 Mich. 139, is in point. By the provisions of the statute (section 13761, 3 Comp. Laws 1915), upon the final determination of a chancery case by this court, it is remitted to the circuit court to be there enforced. But it is not for that court to determine whether it shall be enforced, changed, added to, or taken from.

We do not think this case one where it may be said that plaintiff is precluded by his laches from filing this bill. While some of the facts alleged in the bill came to the knowledge of the plaintiff on the hearing in the court below, others (*i. e.,* the incurring of the various items of costs) occurred considerable time after the case was there closed, a decree there entered, and an appeal taken therefrom. It was not until the decision of this court that plaintiff learned that he could not follow the funds into the hands of the State Bank of Ann Arbor and that he was liable for the costs he now seeks to recover from the present defendants. Promptly upon learning these facts and upon the remand of the case to the court below he filed his supplemental bill. It is unnecessary for us to consider or controvert the contention of defendants' counsel that a supplemental bill must be filed promptly on learning the facts. In the instant case plaintiff is now

seeking to recover, at least in part, from the present defendants by way of penalty the costs he incurred in this court, as well as in the court below. We have held that to permit such recovery adds to and changes the decree, and for that reason may not be done by the trial court without leave of this court. At the time the decree, later affirmed by this court, was entered in the court below there was no such liability, if such liability exists, and no facts then existing upon which such a decree could have been entered. Such facts have occurred, and necessarily came to the knowledge of the plaintiff since the case was first disposed of there. Under these circumstances there is no occasion to apply the doctrine of laches.

We do not perceive force in the contention of defendants' counsel that this supplemental bill is a proceeding to punish defendant Wadhams for contempt of court in violating the injunction prohibiting him from disposing of the partnership money, whch proceeding, counsel urge, may be instituted solely by affidavit under section 12270, 3 Comp. Laws 1915. This supplemental bill seeks something more than statutory contempt proceedings, and is duly sworn to.

Plaintiff's counsel asks that an order be entered in this court granting, *nunc pro tunc*, leave to apply for permission to file this bill in case we determine such leave is necessary. This we are inclined to do; but it must be on condition that plaintiff pay the costs of this appeal.

If plaintiff shall within 30 days from the filing of this opinion pay the taxed costs of this appeal such *nunc pro tunc* order will be entered and the order appealed from will be affirmed. Otherwise the order will be reversed and the bill dismissed with costs to the defendants.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.