WOODLIFF *v.* CITIZENS BUILDING & REALTY CO.

OTIS ELEVATOR CO. *v.* DE VOS.

1. FIXTURES—AGREEMENT THAT ELEVATOR REMAIN CHATTEL BINDING ON PRIOR LIENHOLDERS—CHATTEL MORTGAGES.

> An agreement that an elevator, installed in premises sold on land contract, should remain a chattel until paid for, is binding on the vendors to the extent that it can be removed without material injury to the freehold, whether the agreement be regarded as a conditional sale or a chattel mortgage, although they were not parties thereto; they being prior equitable mortgagees.

2. SAME—MATERIAL INJURY TO FREEHOLD.

> That the removal of an elevator from an apartment building would prevent the use and operation of the building as a seven-story apartment house, *held*, not to constitute a "material injury" to the freehold preventing its removal under a conditional sales contract which had been breached by the purchasers.

3. APPEAL AND ERROR—APPEAL FILED AFTER EXPIRATION OF STATUTORY PERIOD DISMISSED.

> Where claim of appeal was not filed until four days after the expiration of the statutory 20-day period allowed for filing appeals, the court was without jurisdiction, and the appeal is dismissed.

Appeals from Wayne; Lamb (Fred S.), J., presiding. Submitted June 22, 1927. (Docket No. 57.) Decided October 3, 1927. Rehearing denied December 1, 1927.

Petition by the Otis Elevator Company, against Kenneth M. de Vos and another for reclamation of an elevator sold on a conditional sales contract. From an order granting the petition, defendants appeal. Affirmed.

[1]Fixtures, 26 C. J. § 56; 11 R. C. L. 1064; 2 R. C. L. Supp. 1355; 4 R. C. L. Supp. 730; 5 R. C. L. Supp. 627; 6 R. C. L. Supp. 684; [2]Id., 26 C. J. § 56; [3]Appeal and Error, 3 C. J. § 1074.

Petition by Richard S. Woodliff against the Citizens Building & Realty Company, Byron J. Oades, and others to determine plaintiff's rights and interests in certain property in the hands of the Detroit Trust Company, receiver. From an order granting the petition, defendant Oades appeals. Dismissed.

*Richard S. Woodliff, in pro. per.*

*Bryant, Lincoln & Miller (Joseph H. Clark, of counsel), for petitioner Otis Elevator Co.*

*Dykema, Jones & Wheat,* for plaintiff McDonald Coal & Brick Co.

*Milburn & Semmes,* for defendants de Vos.

*Davidow & Davidow,* for defendant Oades.

MCDONALD, J. The Astor Court apartments is a seven-story apartment building on West Grand boulevard in the city of Detroit, Michigan. Defendants Kenneth M. de Vos and Mary Alice de Vos were owners of the fee. They sold it on land contract which subsequently was assigned and reassigned by the several vendees until it finally came to the Irving Apartment & Hotel Corporation. From matters connected with these various assignments litigation arose which was ultimately disposed of by the Supreme Court in 233 Mich. 288. During this litigation the Detroit Trust Company was appointed receiver for the property. The receiver duly qualified, went into possession, and was operating the apartments at the time the proceedings now before us arose. Before the appointment of the receiver and while the Irving Apartment & Hotel Corporation was in operation and control of the property, the Otis Elevator Company installed an electric passenger elevator in the building. The contract for installation was made with the Irving Apartment & Hotel Corporation. The contract price was $4,100 of which $1,100 was to be paid in cash, and

the balance in a series of notes of $250 each, payable monthly and indorsed by Byron J. Oades.    There was a provision in the contract reading as follows:

"We are to retain title to and possession of all machinery, implements and apparatus furnished by us under the terms of this proposal until final payment shall have been made."

The cash payment of $1,100 was made and possession given to the purchaser.    There was default in the payment of some of the notes, and the Otis Elevator Company petitioned the circuit court of Wayne county for the reclamation of the elevator.    Before the petition was finally determined the receiver had surrendered possession of the premises to defendants, Kenneth M. de Vos and Mary Alice de Vos.    From an order entered, granting the prayer of the petition, they appealed.

The principal question, raised by the pleadings and argued in briefs of counsel, is whether the contract under which the elevator was installed is a conditional sales agreement or a chattel mortgage.    If it was a chattel mortgage it was void as to subsequent purchasers and lienholders, because it was not recorded.    If it was a conditional sales contract it need not be recorded. In our view of the law applicable to the conceded facts, it is wholly immaterial whether the instrument was a conditional sales contract or a chattel mortgage. Kenneth M. de Vos and Mary Alice de Vos are the only parties complaining of the court's order.  .  They are not subsequent purchasers or lienholders.    Their lien was created before the elevator was installed.    As vendors in the land contract they are prior equitable mortgagees.    As to this contract they stand in somewhat the same  position as their vendee, the Irving Apartment & Hotel Corporation.    Though not parties to the agreement, they are bound by it to the extent that, as between them and the elevator company, the elevator shall remain a chattel until paid for; provided, however, that it can be removed without material in-

jury to the freehold.    In *Harris* v. *Hackley,* 127
Mich. 46, there was involved the right to reclaim
certain machinery sold and installed under a written
contract by the terms of which the title remained in
the plaintiff until the machinery was paid for.    There,
as in this case, the purchaser was a vendee in a land
contract; and the defendant was the vendor who stood
in the position of a prior equitable mortgagee.    The
court said:

"The cases in this court are full of expressions to
the effect that, where machinery may be removed from
a building without damage to the remainder of the
property, the intent of the parties is controlling.    There
could be no clearer expression of an intention than an
agreement that the property should remain the property
of the vendors, although placed in the possession of
the proposed purchaser.    See *Manwaring* v. *Jenison,*
61 Mich. 117; *Lansing Iron & Engine Works* v. *Wilbur,*
111 Mich. 413.    The case is not one in which the at-
tachment to the real estate is of such a nature that it
could not be removed without material injury to the
remaining property, nor is it a case in which the
claims of a *bona fide* purchaser are involved.    It is
true that Hackley stood in the position of an equitable
mortgagee of the real estate, being a contract vendor;
but he was a prior mortgagee, and did not take his
security upon the faith of any appearance that this
property was a part of the real estate."

The doctrine of *Harris* v. *Hackley* has been the law
of this State since 1864, when it was first announced
in *Crippen* v. *Morrison,* 13 Mich. 23.    It is out of
harmony with the decisions of some of the States, but
is regarded by this court and many others as the most
equitable rule that can be applied.    It seems to be
supported by the greater weight of authority.    See
Bronson on Fixtures, pp. 148-151, and note 31.

In the instant case the contracting parties intended
that the elevator should retain its chattel character
until paid for.    That was the agreement.    And their
intention as expressed in the agreement controls un-

less it was so attached to the building that it could not be removed without material injury thereto.   If it were so attached as to become a permanent part of the structure, it would be subject to the lien of the prior mortgagee.   As to the manner of its attachment the testimony is not in dispute.   It shows that those parts, such as guide posts and steel beams which are attached to and form a part of the building, were there before the elevator was installed.   They were not furnished by the company.   It is not necessary to destroy or remove them in taking out that part of the machinery which the company furnished.   As we understand the testimony, in order to remove the elevator it is only necessary to unbolt the cab, the motor, and other machinery, none of which is built into the building.   In this connection we note the argument of the defendants' counsel that, though the elevator could be removed without serious injury to the building, its removal would prevent the use and operation of the building as a seven-story apartment house, and for that reason could not be removed without material injury to the apartment.   The fact that the elevator was essential to the use of the apartment house would not give the defendants any right to appropriate it.   *Detroit Steel Cooperage Co.* v. *Brewery Co.,* 233 U. S. 712 (34 Sup. Ct. 753).

It is further urged that this elevator cannot be removed, because it was substituted for another which was part of the building when the defendants sold it on land contract.   Under different circumstances this might present an interesting question.   But the contract makes no reference to the old elevator, and the evidence does not definitely show that the elevator company removed it, though it probably did.   What became of it does not appear.   It does appear that it was not being used, and that it was necessary to install a new one.   If it had been of any value to the build-

ing, undoubtedly the defendants would have offered evidence to that effect. For aught the record shows it may have been replaced with their knowledge and consent or by express authority to their vendee. In the absence of any such proof, it is not necessary to enter upon a discussion of the law. The contention has no merit. It is our conclusion that the elevator retained its chattel character, could be removed without material injury to the freehold, and never became subject to the lien of the prior equitable mortgagees. The court did not err in granting the prayer of the petition for its reclamation.

Coming up in the same record and treated as of the same proceeding is the appeal of the defendant Byron J. Oades. After the decree of this court, Richard S. Woodliff filed a petition in the circuit court of Wayne county asking that his rights and interest in the property be determined, and that the receiver be required to file its final account and to close the estate. On the hearing the court awarded him the balance of the funds in the hands of the receiver and ordered that the Citizens Building & Realty Company, Charles M. Ross, and Byron J. Oades, individually and collectively pay him $55,796.86, less the amount paid to him by the receiver. From this order Byron J. Oades appealed.

The record shows that the final order was entered on July 31, 1926, and that the claim of appeal was filed on August 24, 1926, four days after the expiration of the 20-day period in which by the statute and rule an appealing party is required to file his claim of appeal and to pay the statutory fee. In *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393, this court said:

"1. An appealing party has 20 days from the entry of the decree or order in which to pay the statutory fee and file claim of appeal.

"2. If he does not pay the statutory fee and file his

claim during that period, his right to appeal is lost and the court has no power to restore it."

In the instant case the statutory fee was not paid and the claim of appeal was not filed within the 20-day period following the entry of the final order. In his brief plaintiff raises the question and asks that the appeal be dismissed. It is dismissed, with costs to Richard S. Woodliff.

The order of the circuit court on the petition of the Otis Elevator Company is affirmed, with costs against Kenneth M. de Vos and Mary Alice de Vos.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.