WOODLIFF *v.* CITIZENS BUILDING & REALTY CO.

1. APPEAL AND ERROR—APPEAL PROPERLY TAKEN BY CERTAIN DEFENDANTS SAVES RIGHT TO OTHER DEFENDANT.

    Filing claim of appeal and paying the fee within the 20-day period by some of the parties defendant in a chancery suit entitled another defendant to appeal within 20 days after receiving notice of said appeal (Supreme Court Rule No. 61).

2. SAME—PERFECTING APPEAL WHERE NOT NECESSARY TO SETTLE CASE.

    Under 3 Comp. Laws 1915, § 13759, where it is not necessary to settle a case, the appeal is perfected upon filing claim of appeal and payment of the fee.

3. Same—On Issue of Jurisdiction Not Necessary to Settle Case.

Upon the issue raised by appellant that the circuit court had no jurisdiction to enter decree, it was not necessary to settle a case upon appeal.

4. Courts—Want of Jurisdiction Not Cured by Testimony.

If want of jurisdiction in the circuit court affirmatively appears by the files, it would not be cured by testimony on a hearing.

5. Appeal and Error—Circuit Court May Not Change Decree of Supreme Court.

An appeal brings a chancery case to the Supreme Court for hearing *de novo*, and, whether the decree of the circuit court be affirmed, reversed, or modified, the decree in the case becomes the decree of the Supreme Court, and the circuit court has no jurisdiction to change it without leave of the Supreme Court first obtained.

6. Same—Jurisdiction of Circuit Court.

Where the rights and liabilities of the parties as to each other and to the property involved were determined by the decree of the Supreme Court, on appeal, and nothing was left for further determination except in connection with closing the receivership, the circuit court had no jurisdiction to change the decree by awarding personal decree against one of the defendants.

7. Costs—No Costs Awarded Where Record Imperfect.

Where the printed record failed to show facts entitling defendant to appeal after expiration of the 20-day period, in consequence of which his appeal was dismissed, but, on rehearing, said facts are shown by the original files, no costs are awarded him, although the decree against him in the court below is reversed.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 22, 1927. (Docket No. 57, Calendar No. 32,775.) Decided October 3, 1927. Submitted on rehearing May 4, 1928. Former opinion modified January 7, 1929.

Petition by Richard S. Woodliff and another against the Citizens Building & Realty Company,

Byron J. Oades, the Otis Elevator Company, Kenneth M. de Vos, and others to determine plaintiffs' rights and interests in certain property in the hands of the Detroit Trust Company, receiver. From an order granting the petition, defendant Oades appeals. Reversed.

*Richard S. Woodliff,* in pro. per.

*Davidow & Davidow,* for defendant Oades.

*Bryant, Lincoln & Miller* (*Joseph H. Clark,* of counsel), for defendant Otis Elevator Co.

*Milburn & Semmes,* for defendants de Vos.

### ON REHEARING.

FEAD, J. This is rehearing of the appeal of Byron J. Oades in the case reported in 240 Mich. 413, in which it was held that appellate jurisdiction had not been acquired by this court because of Oades' failure to file claim of appeal within the required 20-day period after entry of decree. The ruling was made under misapprehension of the facts, because of incompleteness of the printed record. The decree appealed from was entered July 31, 1926. Oades filed claim of appeal and paid the fee on August 24th, and gave notice to the other parties on August 25th. The printed record did not disclose the fact, which is shown by the original files, that defendants de Vos filed claim of appeal and paid the fee on August 18th, within the 20-day period. Under Supreme Court Rule No. 61 (208 Mich. xxxvii), this action by defendants de Vos entitled Oades to appeal within 20 days after receiving notice of their appeal.

No case was settled, and plaintiff contends that Oades' appeal was not perfected. Where it is not

necessary to settle a case, the appeal is perfected upon filing claim of appeal and payment of the fee. 3 Comp. Laws 1915, § 13759. Counsel disagree as to whether any testimony was taken upon the hearing. Upon the issue raised by Oades, that the circuit court had no jurisdiction to enter the decree of July 31, 1926, it was not necessary to settle a case. If the court had jurisdiction, the decree is unassailable on this record whether testimony was or was not taken. If want of jurisdiction affirmatively appears by the files, it would not be cured by testimony on a hearing. Plaintiff has suggested no amendments to the record which would affect the jurisdiction of the court as disclosed by the files.

Oades' appeal was properly taken and is here for determination upon the question of jurisdiction of the circuit court to enter the decree.

The original case came to this court on appeal from decree of the circuit court entered March 25, 1925, and is reported in 233 Mich. 288. This decree determined the rights and liabilities of plaintiff and Oades as to each other and to the property involved, and left nothing for further determination except in connection with closing the receivership. It awarded no personal decree against Oades except for costs. Neither plaintiff nor Oades appealed from the decree. On January 12, 1926, this court entered a decree, reversing the decree of the circuit court only as to defendants de Vos. The decree of July 31, 1926, imposed on Oades a personal liability to plaintiff not included in, reserved, nor suggested by the decree of March 25, 1925.

An appeal brings a chancery case to this court for hearing *de novo*, and, whether the decree of the circuit court be affirmed, reversed, or modified, the decree in the case becomes the decree of this court, and

the circuit court has no jurisdiction to change it without leave of this court first obtained. *Thompson* v. *Hurson,* 206 Mich. 139. The language of Mr. Justice FELLOWS in *White* v. *Wadhams,* 206 Mich. 608, is applicable:

"May the trial court to which a chancery case has been remanded by this court after final decree here, without leave of this court having been obtained, reopen a case and change and modify, enlarge or detract from the decree of this court? We think not. This court hears chancery cases *de novo,* and the decree of this court is a finality. The recent case of *Thompson* v. *Hurson,* 206 Mich. 139, is in point. By the provisions of the statute (3 Comp. Laws 1915, § 13761), upon the final determination of a chancery case by this court, it is remitted to the circuit court to be there enforced. But it is not for that court to determine whether it shall be enforced, changed, added to, or taken from."

In so far as the decree of July 31, 1926, provided personal liability and judgment against Oades in favor of plaintiff, it is reversed. Because of the condition of the printed record, no costs will be awarded.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.