### LYSON v. LYSON.

DIVORCE — CUSTODY OF MINOR CHILD — DECREE AWARDING MINOR DAUGHTER TO WIFE AMENDED ON SHOWING THAT SHE IS MORALLY UNFIT TO HAVE CHILD.

A decree of divorce awarding to the wife the custody of a five-year old daughter is amended and the custody awarded to the husband, on a showing that the wife has become grossly immoral and is unfit to have such custody, while the husband is a man of good habits and is a fit person to have such custody.

Appeal from Genesee; Black (Edward D.), J. Submitted January 6, 1928. (Docket No. 91.) Decided February 14, 1928.

Bill by Victoria A. Lyson against Joseph A. Lyson for a divorce: On petition of defendant for modification of the decree regarding the custody of an infant. From an order denying the petition, defendant appeals. Reversed, and decree entered for defendant.

Divorce, 19 C. J. § 810; 41 L. R. A. (N. S.) 597; 9 R. C. L. 476; 2 R. C. L. Supp. 811; 6 R. C. L. Supp. 557.

*Gault & Parker,* for plaintiff.

*Jankowski & Chamski,* for defendant.

McDonald, J.    The parties hereto were divorced on the 20th of September, 1923.   The wife was awarded the custody of a minor daughter now five years of age.    In June, 1925, the father, Joseph A. Lyson, filed a petition in the circuit court asking that the decree be modified and that the custody of the child be awarded to him.    From the order entered denying the prayer of the petition, the defendant has appealed.

The petition was based on the claim that since the decree for divorce was granted the plaintiff, Victoria A. Lyson, by reason of over indulgence in intoxicating liquors and association with men of low repute, has become grossly immoral and thereby unfit to have the custody of the minor child.

A hearing was had on the issue presented by the petition, and, when the proofs were concluded, the circuit judge said:

"All I care about is this child.   Ordinarily, the mother is to take care of a little girl.   If the mother's character is what she admits it to be, it is not a wholesome place for anybody.   *   *   *   If the mother can be clean enough, have enough regard for her body, she will not go and stay around with men, then marry them, live apart from them, then go down with them, as she has just now for a week.   She has not much regard for virtue, she is not a very clean woman to take care of the child, but the man is working.   Is there a better place?   The child should be with the mother if the mother would be decent.   In this case, the mother admits she is not decent, whether it is just one man or a dozen men, but if she is telling the truth, attempts to be getting rid of the children before this," etc.

In view of what the circuit judge says about the conduct of the mother, in which he is amply supported by the evidence, she should not be allowed to retain

the custody of the child.   As to the father, the evidence shows that he is steadily employed at the Semet-Solvay Process Company in Detroit; that he has built a home and has engaged an elderly woman as housekeeper; that he is a man of good habits and is a fit person to have the custody of the child.

A decree will be entered in this court awarding its custody to the defendant, Joseph A. Lyson.

NORTH, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.