LYSON *v.* GENESEE CIRCUIT JUDGE.

1. DIVORCE—CUSTODY OF CHILDREN—COURTS—CIRCUIT COURT WITHOUT AUTHORITY TO CHANGE DECREE OF SUPREME COURT.

Where final decree of the Supreme Court awarded the custody of a minor daughter to the father, the circuit court was without authority to change said decree and award the custody of the child to the mother without leave being granted by the Supreme Court to entertain a petition for that purpose.

2. APPEAL AND ERROR—JURISDICTION—WAIVER.

The question of the power of the circuit court to change a final decree of the Supreme Court without leave of said court being one of jurisdiction of the subject-matter, appearance and participation in such proceeding in the circuit court did not constitute a waiver of the right to raise said question in the Supreme Court.

3. DIVORCE—CUSTODY OF CHILDREN—POWER OF CIRCUIT COURT TO CHANGE DECREE.

While, under 3 Comp. Laws 1915, § 11408, the circuit court has power, on change of conditions, to modify its own decrees relating to the custody of children, it has not the power to modify the decrees of the Supreme Court.

Mandamus by Joseph Lyson to compel Edward D. Black, Genesee circuit judge, to set aside an order awarding the custody of plaintiff's minor child to his divorced wife contrary to final decree in the Supreme Court. Submitted March 26, 1929. (Calendar No. 33,862.) Writ granted June 3, 1929.

*Cass J. Jankowski,* for petitioner.

*Gault & Parker (Guy M. Wilson,* of counsel), for respondent.

Per Curiam.   The present plaintiff, Joseph A. Lyson, filed a petition in the Genesee circuit to modify a decree for divorce there entered so as to award him the custody of the minor child, issue of the marriage.   From an order denying the prayer of his petition, he appealed to this court.   We reversed the action taken in the circuit in *Lyson* v. *Lyson,* 242 Mich. 62, and on April 4, 1928, a decree was here entered in that case which recited among other things:

"It is ordered and decreed that Helen Lyson, the minor child of the parties to this cause, be and she hereby is awarded to the defendant, Joseph Lyson, and the order for alimony for the support of said child be and the same is hereby vacated and held for naught."

Twenty days later a petition was filed in the Genesee circuit by Victoria A. Lyson praying that such decree be amended, and upon a hearing she was again awarded the custody of the child and given five dollars a week for its support.   This was done without leave having been asked for or granted by this court to institute such proceedings.   We are asked to direct the vacation of such order.   The writ must issue.   This court entered a final decree in the case and the files were returned to the court below.   That court was without authority to change the decree of this court unless leave of this court to entertain a petition for that purpose had been here granted.   *Lyon* v. *Ingham Circuit Judge,* 37 Mich. 378; *Thompson* v. *Hurson,* 206 Mich. 139; *White* v. *Wadhams,* 206 Mich. 608.

The matter being one of jurisdiction of the subject-matter, *i. e.,* the power of the circuit court to change the decree of this court, appearance and par-

ticipation in the proceedings in the court below did not constitute a waiver of the right to here raise the question. The integrity of our decrees must be preserved. While the court below had power on change of conditions to modify its own decrees relating to the custody of children (3 Comp. Laws 1915, § 11408), it has not the power to modify the decrees of this court.

The writ will issue as prayed, but without costs.