HARVARD FINANCIAL CORPORATION, Respondent, *v.* GREENBLATT CONSTRUCTION Co., INC., et al., Defendants; STALEY ELEVATOR Co., INC., Appellant, and THE BOWERY SAVINGS BANK, Respondent.

(Argued January 19, 1933; decided February 28, 1933.)

*Paul L. Corwin* and *Leon E. Chernis* for appellant. The finding that the elevators are so affixed to the realty as not to be severable therefrom without material injury to the freehold is without support in the evidence, and the conclusions of law based thereon are erroneous. (*Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12; *Cosgrove* v. *Troescher*, 62 App. Div. 123; *Central Union Gas Co.* v. *Browning*, 210 N. Y. 10; *Greater New York Development Co.* v. *Ka-Ro Building Corp.*, 232 App. Div. 696; 256 N. Y. 657; *Hirsch* v. *Graves Elevator Co.*, 24 Misc. Rep. 472; *Lowett* v. *Birmingham*, 192 Mich. 372; *Palm* v. *Bachrach*, 5 Fed. Rep. [2d] 125; *Wheat* v. *Otis Elevator Co.*, 23 Fed. Rep. [2d] 152; *Kings* v. *Blickfeldt*, 111 Wash. 508; *General Electric Co.* v. *Transit Corp.*, 57 N. J. Eq. 460; *Blake McFall Co.* v. *Wilson*, 98 Ore. 626; *Graves Elec. Co.* v. *Callanan*, 11 App. Div. 301; *De Bevoise* v. *Maple Avenue Constr. Co.*, 228 N. Y. 496; *Crocker-Wheeler Co.* v. *Genesee Recreation Co.*, 221 N. Y. 565; *Ratchford* v. *Cayuga Co.*, 217 N. Y. 565; *Davis* v. *Bliss*, 187 N. Y. 77; *Sisson* v. *Hibbard*, 75 N. Y. 542;

*Tifft* v. *Horton*, 53 N. Y. 377.) The defendant-respondent is not a *bona fide* purchaser in that it had constructive notice of appellant's title by reason of the due and proper filing of the conditional bill of sale prior to the execution, delivery and filing of the mortgage. (*Greater New York Development Co.* v. *Ka-Ro Building Corp.*, 232 App. Div. 696; 256 N. Y. 657.)

*Henry M. Bellinger, Homer A. Stebbins* and *Joseph R. Shaughnessy* for respondents. Elevators when installed in a building become a part thereof and must be regarded as part of the realty. (*Cohoes Iron Foundry & Mach. Co.* v. *Glavin*, 190 App. Div. 87; *Condit* v. *Goodwin*, 44 Misc. Rep. 312; *East N. Y. El. Co.* v. *Petmaland Realty Co.*, 243 N. Y. 477; *DeBevoise* v. *Maple Avenue Constr. Co.*, 228 N. Y. 496; *Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24.)

O'BRIEN, J. Defendant Greenblatt Construction Co., Inc., is the owner of an apartment house at Hartsdale, Westchester county, and defendant Staley Elevator Co., Inc., under a conditional bill of sale sold to it and installed three elevators upon which is due the sum of $13,600. The bill of sale, in which the seller reserved title to the goods until payment of the purchase price, was executed June 12, 1928, and recorded March 8, 1929, but the elevators had been installed prior to its filing. They are affixed to the realty so as to become a part of it. Subsequent to the filing of this bill of sale, the owner of the realty, Greenblatt Company, on March 28, 1929, executed a mortgage to plaintiff for $30,000, and recorded it April 8, 1929. By its terms it covers all fixtures and articles of personal property then or thereafter attached to or used in connection with the mortgaged premises. At the same time Greenblatt Company executed another mortgage to the Bowery Savings Bank, embracing the same clause, for $45,000, and recorded it also on April 8, 1929. This

mortgage was consolidated with a prior one held by the bank so as to constitute a lien for $435,000.

In this action to foreclose plaintiff's mortgage the courts below have held that the elevators are not severable from the realty wholly or in any portion without material injury to the freehold and that the Staley Company's claim under its conditional bill of sale is subordinate to the lien of plaintiff's mortgage and also to the lien of the consolidated mortgage, of which the $45,000 mortgage is a part, held by the Bowery Savings Bank.

The principal issue of fact litigated at the trial and in the Appellate Division relates to the question whether the dismantling of the elevators and their severance from the realty would result in material injury to the freehold. Examination of the record convinces us that no evidence supports the finding that their removal would inflict such injury as can be classed as material within the meaning of section 67 of the Personal Property Law (Cons. Laws, ch. 41), which is based upon the definition of that expression as found in the decisions. (*Tifft* v. *Horton*, 53 N. Y. 377, 384; *Sisson* v. *Hibbard*, 75 N. Y. 542, 544, 545; *Davis* v. *Bliss*, 187 N. Y. 77, 83; *DeBevoise* v. *Maple Ave. Constr. Co.*, 228 N. Y. 496, 500; *Holt* v. *Henley*, 232 U. S. 637, 640, 641; *Detroit Steel Cooperage Co.* v. *Sistersville Brewing Co.*, 233 U. S. 712, 717, 718.) This elevator system consists of electrical wiring, a motor, a control board, a car or cage, cables, steel guide rails, cable wheels and steel beams across the top of the shaft for support of the cable wheels. The evidence by witnesses for both parties is so closely in harmony as to raise no substantial issue of fact. With the exception of the beams, each part of this system can readily be disconnected without disturbing the structure and indeed without leaving more than trivial holes in the brick work of the shaft. The beams, if allowed to remain, could be utilized as part of a new system to be installed. Section 67 of the Personal

Property Law deals with goods severable " wholly or in any portion " and the evidence here shows that, except for an extremely small portion of the elevator system, the goods are severable without material injury to the freehold. Defendant's testimony, except as to the beams, is virtually as undisputed as in *Greater New York Devel. Co.* v. *Ka-Ro Bldg. Corp.* (232 App. Div. 696; affd., 256 N. Y. 657).

This is a case where, subsequent to the time of a conditional sale, the goods are affixed to the realty so as to become a part of it but severable without material injury to the freehold and, therefore, the seller's reservation of property in the goods is valid as against subsequent purchasers, including mortgagees (Pers. Prop. Law, § 61), if the bill of sale was, prior to the taking of the mortgage, filed as required by section 67 of the Personal Property Law. That part of section 67 which deals with subsequent purchasers, rather than with owners of the realty at the time of the conditional sale, read in 1929, when this action was commenced: " * * * If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty * * *." The last part of this section has reference only to the owner of realty and has no application to the facts in this case. If the conditional sale contract is not filed as required by this statute, even when the goods are severable without

material injury, the reservation of property as against a subsequent purchaser for value and without notice is void. (*Kohler Co.* v. *Brasun*, 249 N. Y. 224.)

The courts below have held that the Staley Company's conditional bill of sale does not comply with the provisions of the statute in respect to form, contents and filing. We think it does. It was executed June 12, 1928, and is addressed to the owner of the realty, Greenblatt Construction Company, is signed by the seller of the goods, it briefly describes the realty, it expressly reserves title in the goods until the full purchase price shall be paid in cash and it states that the goods are attached to the realty in the building " west side of Central Avenue, north of Hartsdale Road, Hartsdale, N. Y., known as Hartsdale Gardens." It was filed in the office of the register of Westchester county March 8, 1929, three weeks before the execution of the mortgage to plaintiff and the $45,000 mortgage to defendant bank. These mortgagees as subsequent purchasers of the realty can, therefore, in no sense be regarded as purchasers without notice of the conditional seller's title. In respect to cutting off rights of subsequent purchasers, including mortgagees, the goods may be affixed to the realty after the time of the conditional sale. It is only in respect to an owner of realty at the time of the purchase of the goods that the sale contract must be filed before the goods are affixed. The finding of fact that the elevators were installed prior to the date of the filing of the conditional sale contract with the register is, therefore, immaterial. After we reach the conclusion that no evidence supports the finding that the goods, except the beams, cannot be severed without material injury, then the finding that the Bowery Savings Bank did not expressly assent to the Staley Company's reservation of title also becomes immaterial, except in relation to the beams. Defendant Staley Elevator Company's property reserved by the filing of its conditional bill of sale, except the value of the beams,

is, therefore, superior to the lien of plaintiff's mortgage and the lien of defendant Bowery Savings Bank's $45,000 mortgage.

The judgments should be reversed and a new trial granted, with costs to appellant in all courts. (See 261 N. Y. 694.)

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.