THOMAS MEENA, Plaintiff in Error, v. S. DROUSIOTIS, Defendant in Error.

200 So. 362

Division A

Opinion Filed February 14, 1941

*M. A. Rosin, Latimer C. Farr* and *F. G. Janes,* for Plaintiff in Error;

*W. W. Whitehurst,* for Defendant in Error.

BUFORD, J.—Appeal brings for review final decree foreclosing a lien existing under the provisions of Section 3503, R. G. S., 5364 C. G. L.

Appellant poses two questions for our consideration, as follows:

1. "Can a person come into the State of Florida and practice the profession of a chemical engineer without having first received a certificate so to do from the State Board of Engineering Examiners, and maintain an action in the courts of the State of Florida to recover money for services rendered?"

2. "Are trade fixtures placed in a building erected for a particular purpose, and which fixtures are essential to the carrying out of the purpose for which the building was erected, a part of the real estate, and as such real property, or are they personal property?"

The answer to the first question is that the work and services performed by the lien claimant did not come within the purview of the provisions of Sections 2273 R. G. S., 3619 C. G. L., *et seq.*, applying to professional engineers.

As to the second question, the record discloses substantial evidence to establish the fact that the machinery on which lien was claimed was so installed as to be removable without damage to other machinery or to the building. So in this regard the enunciations in the cases of Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 Sou. 814, and in Inter-State & Banking Co. v. Warren, 69 Fed. (2nd) 368, are applicable.

The mere fact that to remove the machinery would prevent the successful operation of defendant's business constitutes no defense, nor does such result constitute a damage to the realty. See Wheat v. Otis Elevator Co., 23 Fed. (2nd) 152.

An examination of the entire record discloses no reversible error and the decree is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.