PER CURIAM.
The principal issue on this appeal is the rights between a conditional vendor of a chattel and a mortgagee of the premises in which the chattel is incorporated.
The chattel in question is an elevator system. It as been held in some cases that elevators become integral parts of buildings and, therefore, are considered fixtures and lose their character as a chattel. Medical Tower Corporation v. Otis Elevator Co., 3rd Cir. 1939, 104 F.2d 133; Land Title Bank & Trust Co. v. Stout, 339 Pa. 302, 14 A.2d 282. It has also been held that notwithstanding its incorporation into a building, an elevator or system may retain its character as a chattel. Woodliff v. Citizens Building & Realty Co., 240 Mich. 413, 215 N.W. 343, modified on other grounds, 245 Mich. 292, 222 N.W. 730; Harvard Financial Corporation v. Greenblatt Const. Co., 261 N.Y. 169, 184 N.E. 748. In other words, each case turns on its particular facts.
It is apparent from^the only evidence in this cause that the elevator, machinery, etc., installed in the premises involved were subject to being removed without damage to the premises, and therefore retained its character as a chattel. Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814, 64 A.L.R. 1219; Meena v. Drousiotis, 146 Fla. 168, 200 So. 362; Maas Brothers, Inc. v. Guaranty Federal Savings and Loan Association, Fla.App.1963, 157 So.2d 528. The record on appeal in the instant case discloses that the appellants [as conditional vendors] sold an elevator system to a conditional vendee, a lessee who subsequently improved the leased premises by erecting a ten story apartment building and incorporated the elevators therein. The appel-lee, County Mortgagee Corp., loaned money to construct the project and, in return *256 therefor, received a note secured by a mortgage on the premises involved. The note and mortgage were executed subsequent to the conditional sales contract. The mortgage was recorded; the conditional sales contract was never recorded. Within two years of the execution of the conditional sales contract, the mortgage note became in default and foreclosure proceedings were commenced. The final decree of foreclosure found the mortgage lien to be superior to the appellants’ rights under the retain title contract. It made no finding as to whether or not the elevators were in fact fixtures. We reverse.
It is apparent from the record that there was substantial competent evidence to show that the elevators in the instant cause were, in fact, chattels. There was no evidence to the contrary. It then became apparent that the appellants’ rights under the retain title contract were protected by the provisions of. § 726.09, Fla.Stat., F.S.A., and this cause should have been determined by the reasoning applied by the 5th Circuit Court of Appeal in the case of Wheat v. Otis Elevator Co., 5th Cir. 1927, 23 F.2d 152, as approved by the Supreme Court of Florida in Standard Motors Finance Co., Inc. v. Central Farmers’ Trust Co., 117 Fla. 217, 157 So. 520, and this court’s opinion in Rood v. Miami Air Conditioning Co., Fla.App.1967, 193 So.2d 216. This is not a case of balancing the equities between two innocent parties. The appellants’ conditional sales contract was first in point of time. The subject matter of the contract remained a chattel. Their rights were preserved for two years against innocent purchasers or mortgagees for value, pursuant to § 726.09, Fla.Stat., F.S.A., and the trial judge erred in not recognizing these rights in the foreclosure proceedings.
Therefore, the final judgment here under review be and the same is hereby reversed, and remanded to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded with directions.