**DAILEY, et al v. AMERICAN STEEL FENCE CO., Inc.**
No. 2369.

Circuit Court, Lake County.

February 25, 1969.

Morton D. Aulls of Huebsch & Aulls, Eustis, for plaintiffs.

John L. Graham, Jr. of Giles, Hedrick & Robinson, Orlando, for defendant.

W. TROY HALL, Jr., Circuit Judge.

*Summary judgment as to liability and opinion of court:* The plaintiffs in this case are seeking damages for the removal by the defendant of a fence which was the subject of an unrecorded retain title contract between the defendant, as vendor, and the plaintiffs' predecessors in title. It was agreed in the contract that the fence was not to become realty, but should remain personalty.

The plaintiffs, Joseph D. Dailey and Oma M. Dailey, his wife, purchased the property on which the fence was located at that time from the defendant's vendees. The plaintiffs, Milfred F. Jeter and Ella Fay Jeter, his wife, were occupying the property as their home and purchasing the same from Joseph D. Dailey and Oma M. Dailey, his wife, under an agreement for deed contract. Neither Joseph D. Dailey or Oma M. Dailey nor Milfred F. Jeter or Ella Fay Jeter had any notice, constructive or actual, of the retain title contract.

Both the plaintiffs and the defendant have moved for summary judgments and have filed memorandum briefs and reply briefs in support of their motions.

The issue to be decided in this case is — Does a bona fide purchaser of the real property on which is located a chattel, which by general law would be classed as a fixture, but which is the subject of an unrecorded retain title contract which provides that the chattel shall remain personalty, take clear title to such chattel?

The able counsel for the defendant argued that since this contract was executed prior to Florida's adoption of the U.C.C., the law applied should be Florida Statute 726.09 which provides that the rights of conditional vendors of chattels are preserved for two years against innocent purchasers. Since the removal of the fence

occured within two years of the execution of the contract, defense counsel's argument as to this point is sound.

However, the subject matter of the agreement here being a fence, which, as admitted by the defense counsel, under general law would be classed as a fixture, the question then becomes, is the agreement between the contracting parties as to the nature of the property that the fence shall not become personalty binding on an innocent purchaser of the real property without knowledge of such agreement?

Counsel for the defense argues that such an agreement does bind those with no knowledge of it, and cites as authority Rood v. Miami Air Conditioning Company, 193 So.2d 216 (Fla. 1967) and White v. County Mortgage Corporation, 211 So.2d 254 (Fla. 1968). These cases would seem to support the defendant's argument. However, as pointed out in the plaintiffs' reply brief, these cases did not deal with bona fide purchasers, but with mortgagees buying at judicial sales. As pointed out by the court in the Rood case citing Jackson Sharpe Co. v. Holland, 14 Fla. 384, a purchaser in this situation is, ". . . in no sense a bona fide purchaser."

While Florida Statute 726.09 preserves the right of a vendor to retain title to personalty as against innocent purchasers, it cannot make an unrecorded agreement between the vendor and vendee as to the nature and character of the property binding on a person lacking knowledge of the agreement. Here the defendant allowed the property to become part of the land in such a way as it would normally be classified a fixture, and in all outward appearances would appear to be part of the real property. Section 726.09 offers no protection to a vendor in these circumstances. The vendor in this case is in no better position than if he were holding an unrecorded mortgage on the real property itself.

As cited by the plaintiffs, the Supreme Court of Florida stated in Burbridge v. Therrell, 148 So. 204 (Fla. 1933) — "It is held by the great weight of authority in this country that a subsequent purchaser or mortgagee of land without notice of an agreement with the owner that an annexation thereto shall not become a fixture is not bound by such agreement, being entitled to the thing annexed apparently forming a part of the land."

The rights of a bona fide purchaser of real property are well known and require no reiteration here. The court can see no difference between such a bona fide purchaser and the situation at present; it is, thereupon, ordered and adjudged that the plaintiffs' motion for summary judgment is granted on the issue of liability.