# MOORE v. CLAGHORN

## Case No. 83-1027-CC

County Court, Bay County

September 21, 1983

### APPEARANCES OF COUNSEL

**Bill R. Hutto** for plaintiff.

**Clinton E. Foster** for defendant.

### OPINION OF THE COURT

WILLIAM A. COOPER, JR., County Judge.

THIS CAUSE came on for final hearing and the court having considered testimony, documentary evidence and argument of counsel makes the following findings of fact:

1. The plaintiff, Leonard Moore, entered into a lease agreement of commercial property with the defendant, Bobby Claghorn. During the term of the lease, the defendant added a building on the back of the

existing structure which was attacked to the realty by means of being secured to the concrete floor and by boards attaching the new building to the old structure.

2. Neither party ever discussed whether the building was to be permanent or temporary, but the plaintiff insisted upon certain standards of construction. The building was constructed of new and used lumber, and had no walls.

3. The defendant gave the plaintiff more than a month's notice of his intention to terminate the month-to-month tenancy, and again nothing was mentioned about the building.

4. The defendant moved all of the vehicles in his used car business off of the property during the daylight hours of moving day and after dark dismantled the structure and carried it away.

5. The plaintiff replaced the structure at his own expense and added walls, increased the slab and replaced the roof with shingles rather than rolled roofing.

Plaintiff claims that the original addition placed there by the defendant became a permanent part of the realty, a fixture, and that he should therefore be compensated for its value after its unlawful removal by the defendant. A fixture is an article which was a chattel, but which by being physically annexed or affixed to the realty by someone having an interest in the soil, becomes a part and parcel of it. *Commercial Finance Company v. Brooksville Hotel Company*, 98 Fla. 410, 123 So. 814 (1929). Among the three essential elements necessary for chattel to become a fixture is the intention of the party making the annexation that it shall be a permanent accession to the freehold. This intention is determined from the nature of the article annexed, the relationship of the parties, the type of structure, mode of annexation, and the use for which the annexation was made. *Wetjen v. Williamson*, 196 So.2d 461 (Fla. 1st DCA 1967). In the instant case, it is apparent that, notwithstanding the absence of any discussion about the permanency of the structure, it was intended to become a permanent part of the realty. It was attached to the foundation and to the original building, and the landlord supervised its construction. The tenant therefore had no right to remove the structure unless it falls within the trade fixture exception, which states that property placed upon land by a tenant for purposes of his trade is regarded as personalty rather than realty and may be removed by the tenant at the end of his term so long as removal does not substantially injure the freehold. *Meena v. Drousiotis*, 146 Fla. 168, 200 So. 362 (1941). The court has heard no evidence which would establish that the structure placed on the property by the defendant would qualify as a trade fixture.

186

The plaintiff is therefore entitled to compensation for the value of the structure at the time of its removal. This figure, however, does not equal the cost of replacement, since that estimate does not take into account depreciation. *National Hotel v. Koretzky,* 96 So.2d 774 (Fla. 1957).

The plaintiff presented evidence as to the replacement cost of the structure, but presented no evidence concerning depreciation. The court is therefore without sufficient evidence to render an award to the plaintiff. The court further finds that the plaintiff failed to prove its claim for lost rental value, damage to existing improvements and reasonable cost of cleanup, which plaintiff performed himself.

The foregoing premises considered it is therefore

ORDERED and ADJUDGED that plaintiff's claim be, and the same is hereby, denied.