**In re SMITH MATERIALS CORPORATION, Debtor.**

**Bankruptcy No. 89-1210-8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 14, 1989.

Daniel J. Herman, Largo, Fla., for debtor Smith Materials Corp.

Richard A. Zeller, St. Petersburg, Fla., for Margaret M. Brown and Otto Grabow.

James E. Foster, Orlando, Fla., for Florida Crushed Stone Co.

Stephen L. Meininger, Tampa, Fla., Trustee.

Lynne England, Tampa, Fla., U.S. Trustee.

ORDER ON MOTION FOR AUTHORITY TO ASSUME AND ASSIGN UNEXPIRED LEASE, MOTION TO SELL FREE AND CLEAR OF LIENS, AND MOTION TO COMPROMISE CLAIMS WITH LANDLORD

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 case and the matters under consideration are a Motion for Authority to Assume and Assign Unexpired Lease, Motion to Sell Free and Clear of Liens, and Motion to Compromise Claims with Landlord filed by Stephen L. Meininger, the Trustee. This Court heard testimony of witnesses and considered documentary evidence, together with the record, and finds that the facts relevant to disposition of this matter as established at the final evidentiary hearing are as follows:

Smith Materials Corporation (Debtor) filed its Petition for Relief under Chapter 11 of the Bankruptcy Code on February 24, 1989. The Debtor's business consisted primarily of supplying concrete and block products to the construction trade. On March 13, 1987, the Debtor entered into a lease with Richard Otto Grabow and Margaret M. Brown (Landlord) to lease certain real estate upon which the Debtor located its block plant and batch plant for the production of concrete and of block products. On April 24, 1989, the Debtor filed a Motion for Additional Time to Assume or Reject Executory Lease with Richard Otto Grabow and Margaret M. Brown. This Court subsequently entered an Order allowing the Debtor until September 15, 1989, to accept or reject the lease. Later, on June 9, 1989, the United States Trustee filed a Motion to Dismiss or Convert the Chapter 11 case and, on July 12, 1989, this Court ordered the case to be converted to Chapter 7 and appointed Stephen L. Meininger as Trustee.

It appears that the Trustee and the Landlord have agreed to an arrangement whereby the Trustee would be permitted to assume the lease and then assign it to a third party who would purchase the production facilities owned by the Debtor known as the block plant and batch plant. The purchaser has agreed to pay cash consideration of $10,000, and the Landlord has agreed to waive claims for administrative rent under § 503, which are currently estimated at $30,000 and damage claims of 15% of the unexpired lease pursuant to § 502(b)(6) which are approximately $82,000, plus unpaid prepetition real estate taxes owed to the Landlord by the Debtor in the amount of approximately $9,000. Thus, the Trustee reasons that the benefit to the estate is approximately $131,000. Therefore, the Trustee has filed three Motions which request the authority to effectuate the settlement and sale of the Debtor's assets.

The problem with this arrangement is that Florida Crushed Stone Company op-

poses the Motion and alleges that it holds a valid security interest in the block and batch plants which the Trustee seeks to sell. The purported security interest given by the Debtor to Florida Crushed Stone Company was given on March 10, 1988. The Trustee argues that the security interest was given within one year prior to filing bankruptcy and that it had the effect of reducing the personal liability of an insider principal as guarantor of the Florida Crushed Stone Company obligation, and that the granting of the security interest constitutes a voidable preference, citing, *Levit v. Ingersoll–Rand Financial Corporation (In re Deprizio)*, 874 F.2d 1186 (7th Cir.1989). It is asserted that a good faith dispute exists concerning the validity of the lien purportedly held by Florida Crushed Stone Company, which would permit the Trustee to sell the property subject to the liens and attach the lien to the proceeds of any sale. In addition to his argument that the security interest represents a *Deprizio* preference, the Trustee asserts that the block and batch plant is a fixture and is not personalty and that, therefore, the UCC security interest purportedly held by Florida Crushed Stone Company is invalid. Therefore, the Trustee requests authority to effectuate the transaction and to sell the block and batch plants located on the premises free and clear of liens pursuant to § 363(f) of the Bankruptcy Code with any liens attaching to the proceeds of the sale.

■ In response to the Trustee's contention that a bona fide dispute exists which would permit the sale of the property free and clear of the liens, with any lien attaching to the proceeds of the sale, it is clear that acceptance of this position would produce a grossly unjust result. If it were later determined that the security interest of Florida Crushed Stone Company were indeed valid and enforceable, Florida Crushed Stone Company would have available to it only $10,000, not the $131,000 which the Trustee claims to be the sales price. Under these circumstances, the true beneficiaries of the sale are the Landlord and, to a lesser extent, the unsecured creditors. Section 363(f) of the Bankruptcy Code was intended to allow the trustee to

sell property free and clear of liens pending final resolution of any bona fide dispute over the validity of such liens. Obviously, it was not intended to permit the sale of property when such sale results in over 90% of the purchase price going to third parties, thus making available only approximately 10% of the purchase price to the potential lienholder. Thus, the argument of the Trustee that § 363(f) should permit the sale of the property is rejected.

The Court will not make a determination as to whether or not the lien purportedly held by Florida Crushed Stone Company constitutes a voidable preference as that issue is not before it today. If the Trustee should seek to set aside the alleged preference, the issue will be considered at that time.

■ The question as to whether or not the batch and block plants are fixtures is quite relevant to disposition of this matter. If, as the Trustee contends, they are fixtures, it is possible to grant the Trustee's Motion to Sell Free and Clear of Liens. This issue is governed by state law. Florida cases have formulated and recognized three general tests: 1) annexation to the realty; 2) application to the use to which the realty is appropriated; and, 3) intention of the party making the alleged annexation. 27 *Fla.Jur.2d*, "Fixtures", Section 2, at 62–63; *Commercial Finance Co. v. Brooksville Hotel Co.*, 98 Fla. 410, 123 So. 814 (Fla.1929).

■ The fact that the article is easily removable, or removable with only minor, easily repairable, injury to the realty may be an element in determining whether it is personalty. The fact that its removal will prevent the successful operation of a particular business on the realty is *not* the kind of damage that requires a determination that the article is a fixture. 27 *Fla. Jur.2d*, "Fixtures", Section 5, at 63–64; *Meena v. Drousiotis*, 146 Fla. 168, 200 So. 362 (S.Ct.Fla.1941). The testimony at the hearing was that these two plants can be detached from the realty quite simply and easily, without damage to the realty. Whether the steel legs supporting much of

the plant machinery merely rest upon the poured concrete pads beneath them, or are embedded in the pads is unresolved. Apparently waste concrete has piled up around some of the supporting legs, obscuring their attachment points. It is, however, clear that even if removal required a saw or cutting torch to cut the steel legs, that would not damage the underlying realty.

Mr. Cashio, the Landlord's expert witness, in opposing Florida Crushed Stone's position, used the analogy of an elevator in a building when he contended that the machines were permanently affixed to the land. This very situation has been addressed by Florida courts, and the opposite position, as advocated by Florida Crush Stone Company here, was adopted. An elevator system incorporated into a ten-story apartment building was held *not* to be affixed to realty when it could be removed without physical damage to the building, even though the removal obviously would have adverse effects on the use and value of the building surrounding it and the land beneath it. *White v. County Mortgagee Corp.*, 211 So.2d 254 (Fla.App.1968). Applying this analogy, a determination that these plants are removable would be mandated. Of the three tests, the intention of the party who places the object on the land generally is considered the most important. 27 *Fla.Jur.2d*, "Fixtures" Section 4, at 62–63: *Wetjen v. Williamson*, 196 So.2d 461 (Fla.App.1967); *Commercial Finance Co., supra*, 123 So. at 816. Thus, the Court's focus should be on the intention of Ken Smith, the President of the Debtor corporation, and the Landlord. Unfortunately, the Landlord did not deem it appropriate to call Mr. Smith as a witness. Thus, this Court will rely on the testimony of the Landlord and the terms of the lease for an explanation of the tenant's intentions.

When a chattel is placed on a landlord's land by a tenant, the courts of Florida give even more emphasis to the element of the tenant's intention, and the presumption is in favor of the right to remove structures on leased land. Provisions of the lease, particularly Articles VIII(1), XV(4) as amended, and XV(6), indicating recognition by both landlord and tenant that the articles in question are removable, generally will be considered controlling. Further, the Landlord stated that he and Mr. Smith agreed that the tenant could remove the concrete plants. The Landlord recognized the fact that the plants were removable and that the Landlord's only concern was for his zoning. This admission is fatal to the Landlord's position. Even in the absence of the Landlord's recognition that the plants were easily removable, the "trade fixtures" exception is recognized in Florida. 27 *Fla.Jur.2d*, "Fixtures" Section 14 at 71–72; *Commercial Finance Co., supra*, at 816; *Wetjen, supra*, at 464. The *Commercial Finance* case was cited as recently as 1967 as "[t]he landmark case in Florida" on fixtures. *Wetjen*, at 463. Under this doctrine, these machines may be removed.

In *Wetjen*, the court looked to provisions of a lease dealing with removal of the tenant's fixtures. The court found that a provision prohibiting such removal in certain circumstances "indicates that the parties themselves contemplated the removal of all fixtures" in certain other circumstances. That is exactly the case here. The above-cited provisions of this lease demonstrate the both the Debtor and the Landlord at all times considered the two plants to be removable. The Landlord testified at the hearing that the lease provisions dealing with removal were heavily negotiated by the parties. To allow either of the parties to contend now that the plants are not removable would be inequitable and clearly contrary to the stated intention of the parties. It is clear that the batch and block plants constitute personalty and not fixtures.

The remaining issue is the valuation of the block and batch plants. Valuation is largely a factual issue. Three experts testified at to the value of the plants; Mr. Kelly and Mr. Cashio on behalf of the Landlord, and Mr. Thomas on behalf of Florida Crushed Stone Company. While each was accepted as an expert as to the valuation of block and batch plants, their opinions as to the fair market value of the subject property varied widely and ranged

from $15,000 to $170,000. Nevertheless, the question of valuation is academic as the highest value is much less than the loan amount owed to Florida Crushed Stone. It is the opinion of this Court that the net realizable value to the secured creditor far exceeds the sale price sought to be approved by the Trustee and that the effect of this sale would be to severely prejudice the secured creditor, Florida Crushed Stone Company.

Accordingly, it is appropriate to enter an Order denying each of the Motions filed by the Trustee. It is, therefore,

ORDERED, ADJUDGED AND DECREED that the Motion for Authority to Assume and Assign Unexpired Lease be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Sell Free and Clear of Liens be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Compromise Claims of Landlord be, and the same is hereby, denied.

DONE AND ORDERED.