## SEARCY *v.* THE STATE.

Where, upon the trial of one charged with resisting an officer in the execution of a mortgage fi. fa., it appeared from the evidence offered by the State, in connection with the fi. fa., that it was issued upon a proceeding, under the act of December 16, 1899, to foreclose a bill of sale which was absolute upon its face, and that the affidavit upon which the fi. fa. was based failed to show that the bill of sale was given to secure a debt, the fi. fa. was not legal process, and, upon proper objection made by the accused, should not have been admitted in evidence.

Submitted November 19, — Decided December 10, 1901.

Accusation of obstructing legal process. Before Judge Nottingham. City court of Macon. October 12, 1901.

*Glawson & Fowler*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

FISH, J.    Will Searcy was tried and convicted, in the city court of Macon, upon an accusation charging him with obstructing and resisting J. Q. Phillips, a lawful constable, in levying a certain described "mortgage fi. fa." in favor of Wood Furniture Company against Mamie Searcy.    Upon the trial the State offered in evidence, in connection with the fi. fa., a bill of sale to certain personalty, executed on December 19, 1900, by Mamie Searcy to the Wood Furniture Company, the bill of sale being absolute on its face; also a written contract of the same date, whereby Mamie Searcy agreed to pay indefinitely to the Wood Furniture Company the sum of $1.10 per week, rent, for the property described in the bill of sale; also an affidavit made by Charles C. Avera, agent for Wood Furniture Company, wherein he deposed that Mamie Searcy was indebted to the Wood Furniture Company, "on a mortgage hereto annexed, the sum of sixty-five cents principal, and said amount is now due and unpaid."    The accused objected to the admission of the execution in evidence, upon the ground that it was shown not to be lawful process.    His objection was overruled, and the fi. fa. admitted; whereupon he excepted.

We think the court erred in sustaining the objection to the introduction of the execution.    The act approved December 16, 1899 (Acts 1899, p. 82), provides that "the owner of any bill of sale to personal property to secure a debt, where the principal sum does not exceed one hundred dollars, may foreclose the same in the manner as mortgages on personal property are now foreclosed, under the laws of the State of Georgia."    There was nothing in the bill of sale given by Mamie Searcy to the Wood Furniture Company, nor in her agreement to pay rent for the property, nor in the affidavit of foreclosure, that indicated that the bill of sale was given to secure a debt.    Without this, the bill of sale could not be foreclosed under the statute.    The execution was, therefore, not legal process, and should not have been admitted in evidence over the objection of the accused.

*Judgment reversed.    All the Justices concurring.*