J. J. SHUMAN, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

1. In a prosecution for violation of Section 3357 of the General Statutes of 1906, the writ of attachment that fails to describe the property described in the mortgage, or any particular property, is not admissible in evidence.

2.  A mortgage executed by the husband without joinder of his
    wife upon property belonging to the wife is void, and affords
    no basis for a prosecution under Section 3357, of the General
    Statutes of 1906.

3.  Section 3357, of the General Statutes of 1906, is directed
    against one who shall wilfully obstruct, delay or hinder the
    lien holder in prosecuting his rights against the property
    subject to the lien, and wilfully here means intentionally.

This case was decided by Division B.

Writ of error to the Circuit Court for Jefferson County.

The facts in the. case are stated in the opinion of the
court.

*S. D. Clarke,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

PARKHILL, J.—The plaintiff in error was convicted in
the Circuit Court of Jefferson County of violating Sec-
tion 3357 of the General Statutes of 1906, in that he wil-
fully concealed certain personal property, to-wit: one
cow, one yearling and one steer, subject to a mortgage,
and by the concealing of said property did obstruct, de-
lay and hinder the holder of such lien in prosecuting his
rights against such property. The defendant was sen-
tenced to pay a fine of one hundred dollars and costs.
From this judgment he come here on writ of error.

The State offered in evidence the original writ of at-
tachment, of which the following is a copy:

"J. H. Perkins,        In Circuit Court State of Florida,
        Plaintiff,        Second Judicial Circuit, Jefferson
    vs.                County.
Curt Bellamy,
        Defendant.

IN THE NAME OF THE STATE OF FLORIDA, TO THE SHERIFF OR ANY CONSTABLE OF SAID COUNTY: You are commanded to attach so much of the lands, tenements, goods and chattels of Curt Bellamy as may be sufficient to satisfy the sum of three hundred and thirty-one and 39.100 dollars, with interest and costs, of suit, in whomsoevers hands or possession the same may be, and hold the same for further proceedings according to law, and also that you summon the said Curt Bellamy if to be found, to appear before the Circuit Court, in and for said county at Monticello, Fla., in said county on the 3rd day of October, A. D. 1910, to answer to J. H. Perkins in a claim for damages in the sum of ————. Given under my hand at Monticello, Fla., this 9th day of September, A. D. 1910.

    (SEAL)                R. C. PARKHILL, (Seal)
                        Clerk Circuit Court.

Endorsed: In Circuit Court Jefferson County, Florida. J. H. Perkins v. Curt Bellamy. Writ of Attachment (civil). Clerk Circuit Court. The within writ came to hand this 9th day of September, A. D. 1910. The same was not executed for the reason that no property could be found upon which to levy. This 10th day of September, A. D. 1910. D. B. Bird, Sheriff, by J. L. Griffin, D. S."

But to the reading of the same in evidence the defendant did then and there object for the reason, among others, "that it does not appear that the property which

said writ commands the sheriff to levy upon is the specific property or cows alleged in the indictment, and on the ground that said writ is general and not confined to any specific property, but against all of the property of the fendant." The court overruled the objections and admitted in evidence the writ of attachment, to which ruling the defendant excepted, and assigns the same as error.

The defendant was not prosecuted for resisting an officer under either section 3500 or 3501 of the General Statutes. The indictment charges that he "did obstruct, delay and hinder *the holder of such lien,* to-wit: the said J. H. Perkins, in prosecuting his rights against any of such property, (how?) to-wit, in the attaching of said property *by due process of law* in order to hold the same so that he the said J. H. Perkins could properly foreclose the aforesaid mortgage upon the aforesaid property."

Before the writ of attachment was offered the affidavit in attachment was admitted in evidence as follows:

"State of Florida, ⎫                    In Circuit Court
Jefferson County  ⎭

Before me R. C. Parkhill, Clerk of the Circuit Court for said County, personally came J. H. Perkins, who being duly sworn, says that Curt Bellamy is indebted to him in the sum of three hundred and thirty-one and 39.100 dollars, and that the same is actually an existing debt or demand, and that said debt is actually due; that the said Curt Bellamy executed a mortgage to him securing him for said debt; that suit has been brought to foreclose said mortgage; that said mortgage was given to secure the above mentioned amount due him by said Curt Bellamy; that said mortgage covers the following property, one black mare mule named Rosa, also three cows and increase marked split in each year, also four hogs

and increase marked same as cows, also one one horse wagon and that this affiant has reason to believe and does believe that said property or part of same will be concealed or disposed of so that it will not be forthcoming to answer a judgment or decree upon foreclosure.

                              J. H. Perkins,

Sworn to and subscribed before me this 9th day of September, A. D. 1910.

                    R. C. Parkhill, Clk. Ct. Ct. Jeff Co., Fla.

Endorsed: In Circuit Court Jefferson County, State of Florida. J. H. Perkins vs. Curt Bellamy; Affidavit Attachment. Filed September 9, 1910. R. C. Parkhill, Clk."

Section 2112, 2, provides: "In suits to foreclose mortgages, *the writ shall describe the property,* and command the officer to take and *hold such property,* or so much thereof as can be found sufficient to satisfy the debt to be foreclosed." The writ of attachment was one issued in aid of a suit to foreclose a mortgage, but it did not describe the property described in the mortgage or any particular property. The writ of attachment was not due or legal process, and should not have been admitted in evidence over the objection of the accused. Searcy v, State, 114 Ga. 270, 40 S. E. Rep. 235.

One of the assignments questions the sufficiency of the evidence to support the verdict. The mortgage covering the cow and yearling was executed by Curt Bellamy. The contention is made that the evidence shows the said property belonged to his wife, who did not join her husband in the execution of the mortgage, and, therefore, the mortgage is void.

On the question of the ownership of the mortgaged property, Curt Bellamy testified: "The cows were mine,

rather I called them mine; Duncan Clair's wife gave them to my wife before she (Clair's wife) died, and they has been at my place ever since." Mr. Perkins, the mortgagee, testified that Curt Bellamy told him the cows belonged to him. (Bellamy). Isiah Dixson testified he saw Mr. Shuman with two cows and one yearling that Curt Bellamy had had in his possession for some time and claiming as his own. Mr. Shuman was driving a horse to his buggy and had two of the cows tied on behind the buggy with a rope and was driving the other; they was going in a walk when I saw them; he had Bob Dixon helping him drive the cows; I did not say anything to them, they was coming toward town. It was in the day time when I saw them; they did not seem to be trying to keep any body from seeing them or keep out of any body's way."

G. W. Cook testified that he was present when Mr. Shuman, the defendant, bought the cows from Curt Bellamy's wife, and "she said that the cows belonged to her and was her property, said that she got them from Clair's wife, who gave them to her before she died. Later on the witness said he heard Curt Bellamy testify, in a trial in a Justice of the Peace Court, that he did not own a cow in the world, but that the cows all belonged to his wife, and that he had not owned one in seven years.

Eugene Beazley testified that he saw the defendant buy the cows mentioned in the indictment from Curt Bellamy's wife, who said they belonged to her and Curt had nothing to do with them. Mr. Beazley and R. B. Shuman testified they heard Curt Bellamy say in the trial in the Justice of the Peace Court he did not own a cow in the world and the cows on his place belonged to his wife and were given to her by Clair's wife.

The defendant testified he got the cows from Curt Bel-

lamy's wife, who claimed they belonged to her; that he heard Curt Bellamy testify in the Justice of the Peace Court that he did not own a cow, and had not owned one for seven years, and that the cows in his possession belonged to his wife and had been given her by the Clair woman.

Rejecting the hearsay testimony and confining our consideration to the testimony of Curt Bellamy, the only witness who testified directly on the question of the ownership of the property described in the indictment. it is clear that the property belonging to his wife. It is true he said, at first, that the cows belonged to him, but his next statement showed he meant he called them his, and his next statement showed they belonged to his wife and how she acquired them. This is not a case of conflict of evidence. Curt Bellamy's wife did not join in the execution of the mortgage on the property described in the indictment, and, under the decision of Shomaker v. Waters, 59 Fla. 414, 52 South. Rep. 586, the mortgage, upon which the State relies to prove the property covered by the indictment was subject to lien, is void, and affords no basis for the prosecution herein.

The language of Section 3356 of the General Statutes does not require proof of the specific intent to defeat the lien created thereby, Mills v. State, 58 Fla. 74, 51 South. Rep. 278; but section 3357 under which the defendant is indicted is directed against one who shall *willfully* obstruct, delay or hinder the lien holder in prosecuting his rights against the property subject to the lien, and wilfully here means intentionally. 8 Words and Phrases, 7468.

The judgment is reversed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.