PER CURIAM.
The appellant, GECC Leasing Corp., was a defendant below. The appellee, Berkshire Life Insurance Company, was the plaintiff. This appeal is from a final judgment of foreclosure entered by the Circuit Court of Brevard County, Florida, on 27 December 1967. The judgment adjudicated the amount due the appellee on a certain note executed by M. T. Broyhill and Herbert Broyhill and foreclosed two mortgages executed by them to secure the said note.
Both of the mortgages were dated 30 April 1965 and recorded in the public records of Brevard County on 3 May 1965. One encumbered real property in Brevard County, Florida, and one purported to encumber certain personal property placed in buildings on the real property subject to the other mortgage. The personal property was described in the chattel mortgage as:
“28 sliding glass doors and blinds, size 10'-6"x7'-0"
33 Window Blinds, size 6'x4'
Aluminum Venetian Blinds
100% Nylon Carpet, covering all hallways and lobby.
14 G. E. Heat Pumps, Total of 22 Tons.”
The appellant was joined in the foreclosure suit by an amendment to the complaint which alleged that appellant had an interest in the real and personal property described in the appellee’s mortgages. The appellant by answer disclaimed any interest in the real estate, but asserted that it owned the personal property sought to be foreclosed on.
From the statement of facts in the appellant’s brief — which statement the appellee concedes to be adequate for purposes of this appeal — it appears that the chattels encumbered by appellee’s chattel mortgage were leased by the appellant to Broyhill Development Corp. on 25 January 1965 by a lease which was recorded on 16 February 1965 in Brevard County Public Records. A copy of the lease was attached to the answer of appellant.
The issue on this appeal is whether or not the trial court erred in holding that the leased chattels were encumbered by either of the two mortgages which the appel-lee sought to foreclose. We conclude that there was error in this regard.
It is fundamental that a person acting in his own right cannot by a chattel mortgage create a lien on the title to personal property which he does not own. Cf. Shuman v. State, 1911, 62 Fla. 84, 56 So. 694 and Summerlin v. Orange Shores, Inc., 1929, 97 Fla. 996, 122 So. 508. The testimony before the trial court contains no evidence of any right or authority in M. T. Broyhill and Herbert Broyhill to execute a chattel mortgage encumbering the title to the chattels leased by the appellant to Broy- *233 hill Development Corp. Nor is such lack of evidence cured by any admission which we can discern from the record on appeal. The proof before the trial court, therefore, was insufficient to sustain the validity of the chattel mortgage.
The appellee points out that the appellant’s recorded lease describes the location of the chattels as 2223 S. Washington Street, Titusville, Florida, when in fact they were located on the mortgaged real property the address of which is 2323 S. Washington Street, Titusville, Florida. By reason of this error, says the appellee, it had no constructive knowledge of the lease. We have difficulty in grasping the significance of this contention. Even if the ap-pellee had no constructive knowledge of the lease, we know of no authority, and are directed to none by the appellee, that would justify a conclusion that such lack of notice validates an otherwise ineffectual mortgage. Furthermore, we cannot agree with appellee that such a minor error in the lease which otherwise describes the chattels in detail renders the recording a nullity.
 The appellee’s brief also suggests that because some of the chattels — namely the air conditioning units — were affixed to a building on the land covered by the real property mortgage, that they became fixtures and encumbered by the mortgage on the real property. Whether or not a chattel upon attachment to real estate or a building which is a part of the realty becomes a fixture and a part of the realty is a complex question. One factor to be considered is whether the chattel is physically annexed to the realty and, if so, whether it can be removed without doing substantial damage to the realty. Commercial Finance Co. v. Brooksville Hotel Co., 1929, 98 Fla. 410, 123 So. 814, 64 A.L.R. 1219; Standard Motors Finance Co., Inc. v. Central Farmers’ Trust Co., 1934, 117 Fla. 217, 157 So. 520; Ridgefield Investors v. Holloway, Fla. 1954, 75 So.2d 208; and White v. County Mortgagee Corp., Fla.App.1968, 211 So.2d 254. Also important is the intention of the purported owner of the chattel and the person or persons making the annexation. United Bonding Insurance Company v. Minichiello, Fla.App.1969, 221 So.2d 220. In the present case, regardless of which factors might be controlling, there was no competent evidence to support a factual conclusion that the leased chattels became fixtures on the mortgaged real property and thus encumbered by the lien of the real property mortgage.
For the foregoing reasons we conclude that the trial court erred in holding that the leased chattels were encumbered by either of the appellee’s mortgages. The judgment appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.
CROSS, C. J., REED, J„ and BOOHER, STEPHEN R., Associate Judge, concur.