GULOTTA, Judge.
Following denial by the Commission on Alcoholic Beverage Control of his application for permits to sell beer and liquor on the premises at 5110 Danneel Street in the City of New Orleans, plaintiff appealed the Commission’s ruling to the District Court. The trial judge ordered the issuance of the permits. We reverse.
The matter is submitted before us on the following stipulations of fact:
1. That the location in question was duly licensed and operated as an alcoholic beverage outlet for a period of at least one year prior to May 1,1953;
2. That the said premises is located within 300' of the Isidore Newman School;
3. That the premises was closed from October 18,1975, to the date of trial;[1] and,
4. That the date of the plaintiff’s application for alcohol beverage and liquor permits was April 29, 1976.
The applicable statute, LSA-R.S. 26:80(C),[2] enables the governing authorities of parishes and municipalities to enact ordinances prohibiting the operation of an alcoholic beverage business within 300' or less of a “church, synagogue, library, school, or playground” (emphasis ours). Pursuant to this legislation, the City of New Orleans *267 adopted Section 5-45 of its Municipal Code providing, in essence, the same 300-foot prohibition as set forth in the State act. Also contained in the ordinance are Sections 5-46 and 5-47 which, in pertinent part, provide:
Section 5 — 4=6. How distance measured.
* * * * * *
“That in the event a retail or wholesale business has an interruption of the continuity of business for a period in excess of six months, in order to re-open for business, the requirements set forth above must be complied with.
“The restrictions contained in this section do not apply to premises which were maintained continuously as a bona fide hotel, railway car or fraternal organization for a period of one year prior to the passage of Ordinance No. 18,537, C.C.S. (M.C.S., Ord. No. 582, § 1.)”
Section 5-47. Section 5-45 not applicable to hotels, etc.
“The restrictions contained in section 5-45 do not apply to premises which are maintained as a bona fide hotel, restaurant, fraternal organization, bus terminal or railroad station, nor to any premises licensed to deal in alcoholic beverages for a period of one year prior to May 1, 1953 (C.C.S., Ord. No. 18,537, § 5; M.C.S., Ord. No. 2193, § 1, 6-1-61.)”
Conceding the premises was licensed to do business more than one year prior to May 1, 1953, and is, therefore, entitled to the exemption (Section 5-47) from the 300-foot restriction, the Commission contends, nevertheless, that this exemption was lost with the interruption of the continuity of business for a period in excess of six months (Section 5-46).
On the other hand, it is plaintiff’s contention, based on Section 5-47, that the 300-foot restriction contained in Section 5-45 does not apply, under any circumstances, to any premises licensed to deal in alcoholic beverages for a period of one year prior to May 1, 1953. According to plaintiff, Section 5-47 contains no reference to Section 5-46 and, therefore, the 6-month rule cannot apply to the premises in question. The absence of any reference to Section 5-46 in Section 5-47, plaintiff argues, indicates the legislative intent to exclude the provisions of Section 5^46 from those premises listed in Section 5-47 as being exempt from the 300-foot restriction.
Plaintiff further contends that LSA-R.S. 26:494 provides that municipalities may pass ordinances for the regulation of outlets for alcoholic beverages, but that those regulations and ordinances are “limited” by the State statutes dealing with alcoholic beverage permits. He argues that Section 5^46 of the Municipal Code relating to the “interruption” of the continuity of business, as interpreted by defendant, is an additional restriction in contravention of the limited restrictions set forth in LSA-R.S. 26:80.
Considering plaintiff’s contentions in inverse order, we find no merit to plaintiff’s latter claim. The provisions of LSA-R.S. 26:494, relied on by plaintiff, state:
§ 494. Local regulatory ordinances
“Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate . . . the business of wholesaling, retailing, and dealing in alcoholic beverages. * * * ”
The “Chapter” referred to in LSA-R.S. 26:494 is Chapter 2, dealing with the Collector of Revenue. LSA-R.S. 26:80 is found in Chapter 1. Clearly, under the plain language of LSA-R.S. 26:494, that statute is not applicable to those statutes which are found in Chapter 1. Accordingly, we find no statutory provision prohibiting a municipality or subdivision of the State from enacting ordinances which may include additional restrictive provisions not inconsistent with the intent of the legislative act.
We reject also plaintiff’s first contention that the 6-month “interruption of the continuity of business” provision of Section 5-46 does not apply to the premises. This section states that premises “maintained continuously as a bona fide hotel, railway car or fraternal organization for a period of one year prior to the passage” of the ordinance are to be exempt from the restrictions. Significantly, however, restaurants and *268 premises licensed to deal in alcoholic beverages for a period of one year prior to the passage of the ordinance are not mentioned in Section 5-46. The Council’s failure to include reference to alcoholic beverage outlets in Section 5-46 is persuasive that the Council did not intend to exempt these outlets from the 6-month rule. This omission (of restaurants and premises licensed as alcoholic beverage outlets) in Section 5 — 46 becomes more significant since Section 5-47 includes restaurants and premises licensed as alcoholic beverage outlets in addition to bona fide hotels, fraternal organizations, etc. Had it been the legislative intent to exempt restaurants and premises licensed to deal in alcoholic beverages for a period of one year prior to May 1, 1953, from the requirements of Section 5-46, those outlets would have been specifically included in Section 5-46.
In reaching this conclusion, we are further persuaded by a basic distinction which, perhaps, explains the omission of restaurants and alcoholic beverage outlets from Section 5-46. Hotels, railroads and fraternal organizations are primarily engaged in activities apart from the sale of alcoholic beverages. On the other hand, restaurants and premises used as alcoholic beverage outlets are principally engaged in the sale of food and drink and may require more stringent regulations, particularly when the outlet is operated in close proximity to a school, than businesses not relying principally on the sale of food and alcoholic beverages.
Also significant in Section 5-47 is the mention of the non-applicability of the restrictions contained in Section 5-45, but the failure to mention the non-applicability of the restrictions contained in Section 5-46 as they relate to premises licensed for more than one year prior to the date of the passage of the ordinance. The fact that no reference is made in Section 5-47 to Section 5-46 further persuades us to conclude that Section 5-46 and the 6-month continuity in operation provision apply to these premises. When we read Sections 5-45, 5-46 and 5-47 in pari materia,[3] we conclude that a retail alcoholic beverage outlet which has an interruption of the continuity of business for a period in excess of six months is governed by the 300-foot prohibition, irrespective of the fact that the premises were licensed to deal in alcoholic beverages for a period of one year prior to the date of the passage of an ordinance. The provisions of LSA-R.S. 26:80 and the New Orleans Municipal Code, Sections 5-45, 5-46 and 5-47, are applicable to plaintiff’s premises.
We point out, at this juncture, a different result, arguably, might raise an equal protection question.[4] Plaintiff argues that Section 5-46 applies only to alcoholic beverage outlets commencing business subsequent to May 1, 1953. Under plaintiff’s interpretation, if such a business were closed for a period in excess of six months (perhaps for 20 years) and thereafter sought to resume the operation of an alcoholic beverage outlet, the 300-foot restriction would apply. On the other hand, plaintiff argues that an alcoholic beverage outlet (in operation more than a year prior to 1953) closed in excess of six months (perhaps also for 20 years) is not subject to the 300-foot restriction. Such a disparity in treatment of the two businesses might raise a constitutional question. We are quick to say, however, that the equal protection issue is not before us. We pose the hypothetical situation only to point out the arguable inequity resulting from plaintiff’s interpretation of the applicability of Section 5-46.
Accordingly, the judgment of the trial court ordering the Commission on Alcoholic Beverage Control, Department of Public Safety, State of Louisiana, to issue the renewal alcoholic beverage permit for the premises at 5110 Danneel Street is reversed and set aside. It is further ordered that the order of the Commission denying the permit *269 to plaintiff for the premises at 5110 Dan-neel Street is reinstated.
REVERSED AND RENDERED.

. A period of time in excess of six months.

. LSA-R.S. 26:80(C) provides, in pertinent part:
§ 80. Location of business limited * * # * * *
“C. Governing authorities of parishes and municipalities may enact ordinances to prohibit the conduct of alcoholic beverage businesses within a certain distance of a parish or municipal playground or of a building used exclusively as a regular church or synagogue, public library, or school, except a school for business education conducted as a business college. No state or local permit shall be issued in contravention of any such ordinance.
“In municipalities the prohibition may not extend more than three hundred feet from the church, synagogue, library, school, or playground. * * *
* * * * * *
“The prohibition in this Subsection does not apply to any premises which are maintained as a bona fide hotel, railway car, or fraternal organization, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.”

. See: LSA-C.C. art. 17; Thibaut v. Board of Com’rs of Lafourche Basin Levee Dist., 153 La. 501, 96 So. 47 (1923); Mix v. City of New Orleans, 126 So.2d 1 (La.App. 4th Cir. 1960).

. U.S.C.A. Const., Amend. XIV, Sec. 1; La. Const., of 1974, Art. 1, Sec. 3.