LETTS, Chief Judge.
At issue is a trial judge’s holding that the president of the appellant Corporation had authority to pledge his Corporation’s assets as security for a personal loan from a Lender Bank. We reverse.
The directed verdict was predicated on a resolution set forth in the minutes of the organizational meeting of the Corporation,[1] as follows:
*1081 Resolved, that the President, [has] the power and authority to execute a Shareholder’s Agreement, with all other Stockholders having the power and authority to pledge the Corporation as an Indemnitor, and execute an Indemnification Agreement on the Corporation’s behalf, and to otherwise execute any and all documents, on the Corporation’s behalf, which, in his opinion and judgment, will benefit the Corporation, emphasis supplied.
Were the foregoing resolution the only one to be considered we might agree with the trial court, because while a corporate officer cannot normally pledge assets of his corporation to secure a loan unless he is authorized to do so by the articles of incorporation or by his board, Section 607.237, Florida Statutes (1977)[2]; see Section 673.-304(2), Florida Statutes (1977) and G. E. C. Leasing Corp. v. Berkshire Life Insurance Company, 226 So.2d 231 (Fla. 4th DCA 1969), he can do so under certain circumstances.[3] Thus, standing alone, we believe the wording of the above quoted paragraph might relieve any Lender Bank of the duty to inquire into such authority. See Section 673.304(2), supra.
In the case at bar, however, these organizational minutes did not stand alone and they were not drawn up with a view to borrowing money or executing documents at this particular Lender Bank; indeed, it is another bank which is referred to in said minutes. To the contrary, this particular Lender Bank caused the Corporation to have specific resolutions applicable to it (the Bank) filled out on a standard corporate form provided for the purpose and certified to by the Corporate secretary. In the various resolutions set forth on this corporate form which are germane to pledging, securing or hypothecating of corporate assets, the wording employed limits such pledging, securing or hypothecating only to “the benefit of the corporation.” There is no additional language authorizing the President in his individual opinion and judgment to conclude what will benefit the corporation, such as was found in the minutes of the organizational meeting.
Under the facts of this case we must, therefore, conclude that the Lender Bank had a duty to inquire into the authority of the president to pledge corporate assets as security for a personal loan and secure the approval of the Corporation’s Board of Directors.[4] Having failed to do so, the Corporation is entitled to a return of the assets pledged. This cause is remanded for the entry of a judgment in accordance herewith.
REVERSED AND REMANDED.
ANSTEAD and HURLEY, JJ., concur.

. These minutes do not constitute the actual articles of incorporation which is another document in the record.

.Surprisingly this particular statute is not cited to us and had it been cited to the trial court this appeal would probably never have taken place.

. See 62 A.L.R.2d 712 et seq.

. See statutes and cases supra.