**In the Matter of The PINES AT PUNTA GORDA and Punta Gorda Pines Development, Inc., Debtors.**

**The PINES AT PUNTA GORDA and Punta Gorda Pines Development, Inc., Plaintiffs,**

**v.**

**GOLDOME SAVINGS ASSOCIATION f/k/a Guaranty Savings and Loan Association, Hank Vroom and Gordon Kuder, Defendants.**

**Bankruptcy Nos. 84–2031, 84–2032. Adv. No. 85–168.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 14, 1985.

Karen K. Specie, Gainesville, Fla., for plaintiffs.

Kerry E. Mack, 1231 Beach Rd., Englewood, Fla., for defendants, Hank Vroom and Gordon Kuder.

Janet H. Thurston, St. Petersburg, Fla., for defendant, Goldome Sav. Assn.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is the validity, vel non, of a mortgage lien claimed by Hank Vroom (Vroom) and Gordon Kuder (Kuder), the Defendants named by Punta Gorda Pines Development, Inc. and Pines at Punta Gorda, Debtors in the above-captioned adversary proceeding. The Complaint of the Debtors sets forth five claims in five separate Counts and basically challenges the legal validity and enforceability of a mortgage lien claimed by Vroom and Kuder on the landholdings of these Debtors who seek relief under Chapter 11 of the Bankruptcy Code. The immediate matter under consideration is a Motion for Summary Judgment filed by the Plaintiffs which more accurately should be described as a Motion for Partial Summary Judgment inasmuch as it is addressed only to Count I and Count V of the Complaint. In Count I of the Complaint, the Plaintiffs seek, by way of declaratory relief, a determination that the mortgage lien claimed by the Defendants, Vroom and Kuder, is invalid and unenforceable as a matter of law and since there are no genuine issues of material facts, according to the Plaintiffs, they are entitled to resolution of this controversy without the necessity of a trial by a Partial Final Judgment on Count I in their favor and against both Defendants.

The Plaintiff's Motion for Summary Judgment as it relates to Count V, seeks a determination by this Court that even if this Court ultimately finds the mortgage lien claimed by Vroom and Kuder to be valid, that mortgage lien should be subordinated to the interest of the other Defendant named in the adversary proceeding, Goldome Savings Association (Goldome Savings). The right to subordinate is claimed to be based on a subordination agreement.

The Motion of the Plaintiffs is not supported by an Affidavit, but is based solely on documents attached as Exhibits to the Complaint. The Defendants, Vroom and Kuder, filed what is titled "Response to the Motion." They also filed, in the alternative, their own Motion for Partial Summary Judgment contending that there are no genuine issues of material facts and they are entitled to a judgment as a matter of law.

The undisputed facts germane to the resolution of the controversy under consideration, as it appears from the record, may be summarized as follows:

Punta Gorda Pines Development, Inc., one of the Debtors, is a Florida corporation and is the owner and operator of a trailer park located in Charlotte County, Florida. On the 18th day of September, 1981, Robert Cohen and Jeffrey Kolodney, executed an instrument entitled "Security Agreement" (Agreement). The Agreement describes Cohen and Kolodney as the "Debt-

or" (sic) and describes Kuder and Vroom as "Secured Party" (sic). A sub-title of the Agreement entitled "Creation of Security Interest" purports to create and grant a security interest in one hundred (100) shares of stock of Punta Gorda Pines Development, Inc., stocks represented by Certificate Numbers 4 and 5, respectively. The body of the Agreement under this sub-title contains the following language: "It is recognized that the major asset of the corporation is the fee simple title in the property described as follows:

The W ½ of the SE ¼ of the NE ¼; the E ½ of the NE ¼; the NE ¼ of the NW ¼ of the SE ¼ of the SE ¼; the SE ¼ of the NW ¼; and the SW ¼ of the NE ¼ of the SE ¼; all of Section 27, Township 41 South, Range 23 East, Charlotte County, Florida, less and except road rights of way.

which shall be considered as part of the Collateral of this Security Agreement."

The Agreement also contains an original sub-title entitled "Obligation Scheduled" in which it is recited:

"collateral shall secure payment of any and all indebtedness, liabilities and obligations of a *debtor* (emphasis supplied), whether absolute or contingent, now existing or hereafter arising, due or to become due, secured or unsecured, or joint or several, herein referred to an indebtedness, including a promissory note executed this same date, a copy of which is attached hereto."

At the end of the Agreement, there is a statement which appears to be an addendum, inasmuch as it is typed after the original Agreement had already been signed by Kolodney and Cohen described as Debtors which reads as follows:

"PUNTA GORDA PINES DEVELOPMENT, INC., a Florida corporation, agrees to the terms and conditions of the foregoing Security Agreement executed on the (sic) day of September, 1981."

This statement is signed in the presence of two subscribing witnesses by Robert Cohen as President of Punta Gorda Pines Development, Inc. It is without dispute that the addendum, just as the Agreement described above, was duly recorded in the Public Records of Charlotte County, Florida.

The record further reveals that a promissory note was executed on September 18, 1981 in the principal amount of $1,080,000 evidencing the indebtedness purportedly secured by the Agreement. The promissory note is signed by Robert Cohen, as Trustee for the owners of stock of Punta Gorda Pines Development, Inc. The promissory note was also recorded in the Public Records of Charlotte County, Florida.

Based on this record, it is the contention of the Plaintiffs that there are no genuine issues of material fact and they are entitled to a judgment as a matter of law for the following reasons.

First, it is the contention of the Plaintiffs that the document referred to as the "Agreement" was, ineffective as a matter of law, to create a valid, enforceable mortgage lien on the real property owned by the Debtor. This proposition, according to the Plaintiffs, is based on the very language of the document which, on its face, indicates that the Agreement intended to create a security agreement only in the corporate stock described in the "Agreement" and, although there is an reference in the Agreement to the landholdings of the Debtor, this reference falls far short to effectively create an interest in land as a matter of law. In addition, it is the contention of the Plaintiffs that even assuming, but not admitting, that the reference in the Agreement to the subject land as part of the collateral, intended to create a mortgage lien, the same is not supported by any obligation of this Debtor. Thus, the mortgage lien, if one exists, is invalid and unenforceable for failure of consideration. In support of this contention, the Plaintiffs point to the signature line of the promissory note which, on its face, clearly indicates that it represents and evidences only an indebtedness of Robert Cohen, as Trustee, who executed the note on behalf of the stockholders of the Debtor and nowhere is there any indication, even indirect, that the

promissory note was intended to create a valid and enforceable obligation of the Debtor corporation. In any event, so contends the Plaintiffs, since none of the documents carry the corporate seal, the documents did not, as a matter of law, create a valid and enforceable mortgage lien interest in land owned by this corporate Debtor. This contention is based on § 692.01 Fla. Stat. which requires that all conveyances and mortgages executed by a corporation shall be under the seal of the corporation.

The final contention of the Plaintiffs is that even if the Agreement was deemed to be a valid interest in land, the Agreement would be indexed according to the name of the parties granting the security interest, i.e. Robert Cohen and Jeffrey Kolodney and would not appear in the index under Punta Gorda Pines Development, Inc. and is, therefore, unperfected as to the Debtor corporation.

Based on the last proposition, it is the contention of the Plaintiffs that by virtue of the special voiding power granted to the Trustee by § 544(a)(3) and (b) of the Bankruptcy Code, the Trustee, as well as a debtor in possession, will be able to defeat the unperfected interest in land.

In opposition to the contentions advanced by the Plaintiffs, Vroom and Kuder, assert first that the Agreement did create a valid mortgage lien on the land by virtue of the language quoted earlier; that the addendum to the Agreement contains, if nothing else, an assumption by the corporation of the terms of the Agreement and the assumption is signed by Mr. Cohen, as President of the Debtor corporation; it is the requirement of the statute that conveyances and mortgages executed by corporations must carry a seal is merely permissive and not mandatory; that the absence of a seal is not fatal and does not impact the legal validity of the document. While Vroom and Kuder do not dispute that the promissory note was not a note of the corporate Debtor, they contend that there is nothing to prevent a corporation from guaranteeing and pledging its property to secure an obligation of another. *Citing Emerald Hills*

*Country Club v. Hollywood, Inc. (In re Emerald Hills Country Club)*, 32 B.R. 408 (Bankr.S.D.Fla.1983). They also urge that §§ 607.141 and 607.237 expressly authorized corporations in this State to secure indebtedness of others by pledging or mortgaging corporate properties. Lastly, counsel for Vroom and Kuder argue, in the alternative, that even assuming the documents failed to create a mortgage lien by the language used, the documents clearly demonstrate as sufficient legal ambiguity, latent at least, which would require the receipt of parol evidence to ascertain the true intent of the parties and this alone would prevent a disposition of the controversy by summary judgment. While this Court is in agreement with the proposition advanced the Defendant that lack of corporate seal is not fatal and neither is the lack of consideration to the corporate Debtor from the mortgage lien claimant, this Court is satisfied that regardless the Plaintiffs are entitled to a granting of their Motion for Summary Judgment for the following reasons:

Having considered the respective contentions advanced by the parties, this Court is satisfied that there are, indeed, no genuine issues of material fact and it is proper to dispose of the controversy without the necessity of a trial.

The Agreement entitled "Security Agreement" no doubt did intend to create a security interest in the corporate stock described in the Agreement. It is equally clear, however, that it did not effectively create a valid mortgage lien in the real property owned by the Debtor corporation. First, because there is nothing in this record to evidence that the grantors, i.e. Cohen and Kolodney, had any ownership interest, legal or equitable, in the subject land and it needs no elaborate discussion to establish the obvious, that one cannot grant a mortgage lien in property in which one acting as grantor has no interest. *Houston v. Forman*, 92 Fla. 1, 109 So. 297 (1926); *Shuman v. State*, 62 Fla. 84, 56 So. 694 (1911).

Second, the so-called assumption which was, in fact, signed by Cohen as President of one of the Debtors, while it might have been effective to operate as an assumption of a personal liability of Cohen and Kolodney by the Debtor corporation, it was legally insufficient as a matter of law to make the Debtor corporation, in fact, the grantor of the lien or an entity, assuming there already is a valid existing mortgage lien encumbering the subject property, simply because there was none to begin with. Moreover, the Defendants' reliance on *Emerald Hills* is misplaced simply because the alleged "assumption" by the corporate Debtor was not an assumption at all, but merely acknowledgement that the corporate Debtor was made aware and agreed to stock pledged by Cohen and Kolodney, a practice not uncommon and clearly understandable.

Based on the foregoing, the Court is satisfied that the Agreement failed to create an interest in the real property of the Debtor corporation; and that it is, therefore, unnecessary to address in detail the remaining contentions of the parties relating to Count I of the Complaint. Because there is no valid lien on the property, the subordination issue raised by Count V of the Complaint is moot. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment, treated as a Partial Motion for Summary Judgment, be, and the same hereby is, granted in favor of the Plaintiffs and against the Defendants, Vroom and Cohen, and a separate final judgment shall be entered in accordance with the same declaring the mortgage lien claimed by the Defendants Vroom and Cohen to be legally invalid and unenforceable. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Defendants Vroom and Cohen be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment, treated as a Partial Motion for Summary Judgment as it relates to the

claim set forth in Count V of the Complaint be, and the same hereby is, denied and the claim set forth in said Count shall stand as dismissed.