559 So.2d 423 (1990)
Raphael PREZIOSO, Individually and for the Use and Benefit of C-P Development and Construction Company, Appellants,
v.
Lorne A. CAMERON, Jr., C-P Development and Construction Company, Aynslee M. Cameron, Capital S.B.I.C. Inc., and Barbara Cohen, Esther Cohen, and Stuart Cohen, As Co-Personal Representatives of the Estate of I. Cutter Cohen, Appellees.
No. 88-3196.
District Court of Appeal of Florida, Fourth District.
April 11, 1990.
Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellants.
Ivan J. Reich, Constance G. Grayson and Gene S. Rosen of English, McCaughan & O'Bryan, Fort Lauderdale, for appellee-Capital S.B.I.C.
PER CURIAM.
Appellant challenges the entry of summary final judgment against C-P Development *424 and Construction Co. (C-P) in a mortgage foreclosure action. We affirm.
Appellant is a 50% shareholder in C-P Development and served as the company's secretary during the time pertinent to this appeal. Lorne Cameron is a 50% shareholder and served as president of the company. Cameron and his wife executed mortgages on property owned by C-P in favor of appellee, Capital S.B.I.C., Inc., in exchange for a loan to C-P. The Camerons executed the mortgage instruments individually and in their capacities as president (Lorne) and directors (Lorne and Aynslee). A check for the loan proceeds was issued in the name of C-P. Some time later appellants sued the Camerons, and Capital, alleging that the Camerons lacked corporate authorization to mortgage the property and that Capital knew or should have known that they lacked the authority. In addition to other relief, appellants sought to quiet title to the mortgaged property and to void the mortgage. Capital filed a separate action to foreclose the mortgage and, upon appellants' motion the two suits were consolidated. Eventually, the trial court granted a summary final judgment of foreclosure in favor of Capital.
Appellants' chief contention on appeal is that Capital had a duty to inquire into the authority of the Camerons to mortgage property on behalf of the corporation. However, according to section 692.01, Florida Statutes (1989):
Any corporation may execute instruments conveying, mortgaging, or affecting any interest in its lands by instruments sealed with the common or corporate seal and signed in its name by its president or any vice president or chief executive officer... . No corporate resolution need be recorded to evidence the authority of the person executing the deed, mortgage, or other instrument for the corporation, and an instrument so executed shall be valid whether or not the officer signing for the corporation was authorized to do so by the board of directors, in the absence of fraud in the transaction by the person receiving it.

(Emphasis added). In Snead v. U.S. Trucking Corp., 380 So.2d 1075 (Fla. 1st DCA), petit. rev. denied, 389 So.2d 1116 (Fla. 1980), the court noted that the practical purpose of section 692.01 is to allow third parties who transact business with corporations in an honest fashion to have confidence that the transactions are valid. Id. at 1080. We agree. As this section indicates, the officers of a corporation are vested with apparent authority to conduct the corporation's business. Absent fraud on her part, a party doing business with a corporation is permitted to rely on the officer's status within the corporation as sufficient power to bind the corporation in the execution of mortgage instruments.
In this case, the record is void of evidence that Capital was guilty of fraud in the transaction. That fact coupled with the fact that Lorne Cameron was the president of C-P and signed the subject mortgages in that capacity, supports the trial court's holding that section 692.01 granted Capital the legal right to rely on Lorne Cameron's signature.
Appellants cite American Business Credit Corp. v. First State Bank of Lantana, 385 So.2d 1080 (Fla. 4th DCA 1980), for the proposition that, under certain circumstances, a lending institution may have a duty to inquire into the authority of a corporate president to pledge his corporation's assets as security for a personal loan. However, here, unlike American, it is undisputed that the loan was not a personal one. In fact, the checks from Capital were made out to C-P Corporation. The obvious inference from these facts is that the money derived from the mortgage was intended for corporate purposes. Unlike the circumstances in American, there was no indication here that the mortgage was intended to raise personal funds.
In American, the court noted that while a corporate officer ordinarily cannot pledge assets of his corporation to secure a loan unless authorized to do so by the articles of incorporation, he can do so under certain circumstances. See 62 A.L.R.2d 712 et seq. Moreover, section 692.01 specifically addresses the right of third parties to rely on *425 a corporate officer's authority to bind the corporation. Finally, section 692.01 was not relied upon by the parties in American or discussed in the opinion.
In light of the procedure undertaken here, we find no error by the trial court in concluding that Capital could rely on the representation and confirmation of Lorne Cameron's position. Although there is an issue of Aynslee Cameron's capacity as a director, the statute requires only the signature of a single corporate officer. Consequently, whether she was or was not a director of C-P Corporation is not, in our view, a material issue as to the validity of the mortgage. We also reject appellant's claims of procedural irregularities in the entry of summary judgment.
In light of the foregoing analysis, we affirm the trial court's entry of summary final judgment.
ANSTEAD, STONE and POLEN, JJ., concur.