Dear Mr. Free,
This office is in receipt of your opinion request in which you ask whether the West Baton Rouge Parish Police Jury has the authority to restrict the sale of alcoholic beverages within three hundred (300) feet of designated residential areas.
LSA-R.S. 26:81 provides for limitations to the granting of permits to deal in alcoholic beverage sales and distribution and, in applicable part, provides as follows:
 A. No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.
* * * * *
 C. When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school. . . .
LSA-R.S. 26:281, in applicable part, similarly provides:
 A. No permit shall be granted under this Chapter in contravention of any municipal ordinance adopted pursuant to the zoning laws of the state.
* * * * *
 C.(1) When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground, or of a building used exclusively as a church or synagogue, public library, or school. . . .
* * * * *
The West Baton Rouge Parish Police Jury enacted § 3-21(a) to reflect the language in LSA-R.S. 26:81 and 26:381. However, The Police Jury also enacted § 3-21(b) which goes a step further and, in applicable part, provides:
 (b) No permit shall be issued for the purpose of selling alcoholic beverages by the drink to any premises located within three hundred (300) feet of a residential area; provided however, that this prohibition may be waived by the police jury, where the applicant files with the police jury a petition approving the issuance of the permit signed by sixty-five (65) per cent of the persons owning real property within a distance of three hundred (300) feet of the property line of the premises to be licensed, said distance to be calculated in the same manner as those in subsection (a) above. (Emphasis added.)
 For the purposes of this section, "residential area" is defined as an area consisting of at least four (4) residential premises within a radius of five hundred (500) feet.
Your concern lies with the fact that West Baton Rouge Parish does not have a zoning ordinance as required by Subsection (A) of both LSA-R.S. 26:81 and R.S. 26:281. However, LSA-R.S. 26:493
provides:
 Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retaining, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.
This allows municipalities and parishes to exercise their police power to further restrict the operation of alcoholic beverage businesses. In reconciling LSA-R.S. 26:493 with LSA-R.S. 26:81
and 26:281, the Louisiana Court of Appeal for the Fourth Circuit stated in Lanaux v. Com'n on Alcoholic Bev.Control, 342 So.2d 265 (La.App. 4th Cir. 1977), that municipalities are not precluded from enacting ordinances including restrictions in addition to those in R.S. 26:81 and26:281 of the alcohol liquor control law. Therefore, there is "no statutory provision prohibiting a municipality or subdivision of the State from enacting ordinances which may include additional restrictive provisions not inconsistent with the intent of the legislative act." Id. at 267; see, also,Brousseau's Inc. v. City of Baton Rouge, 400 So.2d 118
(La.App. 1st Cir. 1981).
These cases clearly indicate that LSA-R.S. 26:494 grants the West Baton Rouge Parish Police Jury the authority to enact ordinances such as § 3-21(b) of the West Baton Rouge Parish Code if such an ordinance is "necessary for the protection of the welfare of the community and even if such ordinances go beyond the provisions found in Chapter 1 of Title 26 or in other state laws." Brousseau's Inc, supra, at 1191.
Therefore, the fact that West Baton Rouge Parish does not have a zoning ordinance does not preclude it from enacting § 3-21(b) to provide for restrictive provisions in addition to those provided in LSA-R.S. 26:81 and 26:381.
I trust this adequately addresses your questions. Should you need further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL BY: __________________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL