Dear Mayor Lejeune:
You asked this office to advise you of the legality of Eunice City Ordinance 13:52, which provides:
 Sec. 13:52. Application for permits; renewals; approval of adjacent property owners required.
 (a) Any and all applications to the mayor and board of aldermen for permits and/or licenses to vend beer shall be made in writing in the form and manner prescribed by the mayor and board, who shall approve such application or reject the same as hereinafter provided. Applications for renewal of any permit shall be made in like manner as for applications in the original and the same shall be considered by the mayor and board as an original application.
 (b) Any person, firm, corporation or association applying for a permit to sell beer within the corporate limits of Eunice, shall accompany the application with a written statement signed by over fifty (50) percent of those resident property owners residing within three hundred (300) feet of the place designated in the application as the location wherein and whereat beer is to be sold, stating that they have no objection to the issuance of the permit to the applicant to sell beer in the place and location designated in said application.
The ordinance in question requires an applicant applying for a beer permit to provide a written statement signed by over 50% of those resident property owners residing within 300 feet of the establishment stating that they have no objection to the issuance of the permit.[1]
R.S. 26:493 provides:
 § 493. Local regulatory ordinances
 Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.
R.S. 26:493 allows municipalities and parishes to exercise their police power to further restrict the operation of businesses which sell alcoholic beverages. In reconciling LSA-R.S. 26:493 with LSA-R.S. 26:81
and 26:281, the Louisiana Court of Appeal for the Fourth Circuit stated in Lanaux v. Com'n on Alcoholic Bev. Control, 342 So.2d 265 (La.App. 4th Cir. 1977), that municipalities are not precluded from enacting ordinances including restrictions in addition to those in R.S. 26:81 and 26:281 of the alcohol liquor control law. Therefore, there is "no statutory provision prohibiting a municipality or subdivision of the State from enacting ordinances which may include additional restrictive provisions not inconsistent with the intent of the legislative act." Id. at 267; see, also, Brousseau's Inc. v. City ofBaton Rouge, 400 So. 2d 118 (La.App. 1st Cir. 1981).
These cases indicate that R.S. 26:493 grants the Eunice City Council the authority to enact the ordinance in question if such ordinance is "necessary for the protection of the welfare of the community and even if such ordinances go beyond the provisions found in Chapter 1 of Title 26 or in other state laws." Brousseau's Inc., supra. at page 1191.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] The municipal ordinance contrasts with state law at R.S. 26:281
which permits the municipality to adopt an ordinance which prohibits the issuance "of a permit for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground, of a building used exclusively as a church or synagogue, public library, school, or full-time day care center as defined in R.S. 17:405(A)(4), or correctional facility housing inmates, including but not limited to a halfway house." However, we note the parish governing authority of St. Landry Parish, in which the municipality of Eunice sits, has adopted the language of R.S. 26:281 in Sec. 4-32 of the St. Landry Parish Code of Ordinances.